Atlas Mineral & Chemicals, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Wayne R. Snyder, Respondents.

Argued September 10, 1979, before Judges BLATT, DiSALLE and MACPHAIL, sitting as a panel of three.

*Robert P. Grim,* for petitioner.

*Eric L. B. Strahn,* with him *Ryan, Russell & McConaghy,* for respondents.

OPINION BY JUDGE DiSALLE, October 12, 1979:

Atlas Mineral & Chemicals, Inc. (Employer), has appealed from the order of the Workmen's Compensation Appeal Board (Board) vacating a referee's or-

der and remanding the matter for further proceedings. The threshold issue for our consideration is whether the appeal should be quashed as interlocutory in nature.

On May 16, 1975, Wayne R. Snyder (Claimant) suffered a hernia while in the course of his employment with Employer. A notice of compensation payable was filed on June 10, 1975, with a final receipt being signed by Claimant on November 26, 1975. Subsequently, Claimant alleged that he reinjured this hernia in a work-related incident on March 24, 1976. Claimant filed a claim petition on June 8, 1976. On January 3, 1977, Claimant also filed a petition to set aside the final receipt and a petition for reinstatement of compensation. All three petitions were consolidated by the referee for disposition.

After three hearings, the referee filed a decision dismissing all three petitions based on his conclusion that Claimant had failed to establish that he had suffered a compensable injury relating to and resulting from the alleged injury of March 24, 1976. At these hearings, only the Claimant and his medical witness testified. With the exception of the introduction of a single exhibit, Employer limited its case to cross-examination of the witnesses. The referee's conclusion derived mainly from his finding that Claimant's medical witness equivocated on the issue of causation.

In vacating the referee's decision and remanding the matter for further consideration, the Board noted that the referee failed to address the question of whether, subsequent to being disabled by the hernia, Claimant had recovered sufficiently to return to work in at least some capacity. Further, the Board instructed the referee to consider a showing on the part of employer as to the availability of light work. The Board finally concluded that the referee capri-

ciously disregarded competent evidence and erred by characterizing the testimony of Claimant's medical witness as "equivocal." Employer appealed the Board's order.

It is well-established that an order of the Board remanding a case to a referee is interlocutory and an appeal to this Court from such an order will be quashed. *American Can Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 169, 389 A.2d 263 (1978). Citing exceptions to this rule, Employer argues that we should nevertheless consider the appeal since (1) there could be no result other than that reached by the referee on the basis of the record and (2) the Board committed a clear error of law in vacating the referee's findings and remanding the matter since the findings were supported by substantial evidence. *See United Metal Fabricators, Inc. v. Zindash,* 8 Pa. Commonwealth Ct. 339, 301 A.2d 708 (1973) and *Flynn v. Asten Hill Manufacturing Co.,* 34 Pa. Commonwealth Ct. 218, 383 A.2d 255 (1978).

With regard to the first contention, we have no difficulty in determining that a result contrary to that of the referee could have been reached on this record. Indeed, the bulk of evidence brought out in the three hearings below was tendered on Claimant's behalf and would seem to support his claim.

Turning to the second contention, we do not believe that the Board erred in vacating the referee's findings and in remanding the case. Employer's argument overlooks the fact that notwithstanding the Board's comments regarding the referee's treatment of the case, there were legitimate reasons for a remand, namely consideration of the questions of Claimant's ability to perform light work and the availability of such work. This being the case, we do not believe that the Board erred in taking the opportunity

to instruct the referee that the testimony of a medical witness is not rendered equivocal simply because the witness relies on the medical history of a claimant derived in part from the claimant's own account of his injury. Further, we note that a remand of the matter will not foreclose the referee's reaching the very same conclusion he made initially, a conclusion which would, as always, be subject to further review by the Board and this Court.

The Employer's appeal from the Board's remand order being interlocutory in nature, we will quash it.

ORDER

AND Now, this 12th day of October, 1979, the appeal of Atlas Mineral & Chemicals, Inc., in the above-captioned matter is hereby quashed.