F. W. Kestle Associates and United States Fidelity & Guaranty Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Andrew P. Leonard, Respondents.

Argued September 11, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Ronald Ganassi,* of *Will & Keisling,* for petitioners.

*Thomas P. Geer,* for respondent, Andrew P. Leonard.

OPINION BY JUDGE CRAIG, October 20, 1980:

Employer[1] appeals from an order of the board[2] affirming a referee's award of compensation to Alice Leonard, the widow of a deceased employee,[3] whose death resulted from a heart attack. Causation is at issue. We affirm.

Employer furnishes equipment for window displays in shops and stores. Decedent's duties, which occasionally required him to take overnight trips out of town, consisted of transferring props to job sites and placing them in display windows. Upon arriving at job sites decedent normally received assistance in unloading the props and placing them in the display windows.

The referee found that, within the 24-hour period immediately preceeding 9:00 p.m. May 7, 1975, the decedent suffered a heart attack and stroke which left him totally disabled until his death on September 11, 1975. The referee concluded that the facts indicated that decedent's heart attack and stroke were precipitated by decedent's exertion while he was in Wisconsin performing his duties for employer from May 4 through May 7, 1975.[4] Moreover, the findings of fact state that the decedent's death on September 11, 1975

---

[1] F. W. Kestle Associates.

[2] Workmen's Compensation Appeal Board.

[3] Andrew P. Leonard.

[4] The following finding of fact provides a material link necessary to support the referee's conclusion that decedent's injury was work-related:

FOURTH: On May 3, 1975, Leonard was required to make a trip to Milwaukee and Madison, Wisconsin. . . . He made this trip by himself and arrived at his destination Sunday evening, at which time he called his wife by telephone. On Monday night, he again telephoned his wife and

was due to a heart attack caused in part by the stroke decedent suffered in May, 1975.

Therefore the referee awarded benefits to decedent's widow based upon her Fatal Claim Petition filed under The Pennsylvania Workmen's Compensation Act.[5]

The employer contends that the record is devoid of substantial competent evidence causally connecting decedent's heart attack and stroke suffered in May, 1975 with his employment. We cannot agree.

After carefully examining the record, we hold that the testimony of Dr. John E. Love, decedent's family and attending physician during the period pertinent to this case, provided substantial competent evidence to establish a causal connection between decedent's injuries and his employment. Based upon the history decedent gave him on May 7, 1975, Dr. Love testified that decedent's heart attack and stroke suffered in May, 1975 were related to decedent's physical exertion while in Wisconsin performing his duties for employer.[6]

---

'was very upset', informing her that he was required to do very heavy work without any assistance. He stated in that conversation that he was completely exhausted from the work. On Tuesday night, Andrew Leonard again called his wife after working in Madison, and informed her again that he was still exhausted. On Wednesday, May 7, 1975, he called his wife and informed her that he was at the Indiana-Ohio border, explaining that he was ill.

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1 *et seq.*

[6] The relevant portions of Dr. Love's testimony are as follows:

Q. Now, on May 7, 1975, he came to your office, did he?

A. Right, his daughter brought him in.

. . . .

Q. Did he give you a history of—

A. Yes, the history he had was he had driven—Was it from Milwaukee?

Q. Well, I think he came from Madison.

Although Dr. Love's testimony as to decedent's statements relating to the cause of decedent's injury was hearsay, we hold that the circumstances surrounding decedent's statements to Dr. Love bring those statements within the patient-doctor exception to the hearsay rule in workmen's compensation cases. *See Cody v. S.K.F. Industries, Inc.*, 447 Pa. 558, 291 A.2d 772 (1972); *see also Hatboro-Horsham School District v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 73, 384 A.2d 1050 (1978). Thus Dr. Love's testimony pertaining to causation was competent and substantial.

We find no error in the referee attaching more weight to the testimony of claimant's medical witness than to that of the employer's witness. Determinations as to credibility and choice are within the province of the referee. *Pennzoil United, Inc. v. Mitchell*, 27 Pa. Commonwealth Ct. 76, 365 A.2d 905 (1976). Moreover, the referee may properly accept testimony of a general practitioner and reject the conflicting testimony of a specialist, and the referee need not specify his reason for the credibility decision. *City of Hazleton v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 477, 386 A.2d 1067 (1978).

---

A. Wherever he came from, Michigan, and he had driven to Pittsburgh that night, and, I believe, from my history it was around Noon time that he developed chest pain the day he was driving in. When he got here, he told his wife about it, and she called me. We saw him around 9:00 at night. He was the last patient between 9:00 and 9:30. He evidently—He gave me a history he had been unloading this truck and doing a lot of work prior to driving back.

. . . .

Q. Doctor, based on the history that you had now, forgetting the hypothetical question for a moment—based on the history that you had, did you relate the myocardial infarction and the stroke to the exertion in the same manner from the history that you had from him?

A. Yes, yes.

Because Dr. Love's testimony is alone sufficient to support the findings of the board, we find it unnecessary to discuss employer's contention that the referee erred in allowing the widow's testimony as a res gestae exception to the hearsay rule.

Accordingly, we affirm the decision of the board.

## Order

And Now, this 20th day of October, 1980, the order of the Workmen's Compensation Appeal Board, Docket No. A-76799, dated August 6, 1979, is affirmed, and employer's appeal dismissed. Accordingly, it is ordered that judgment be entered in favor of claimant Alice Leonard and against F. W. Kestle Associates and its insurer, United States Fidelity & Guaranty Company, in the following amounts:

1. Weekly compensation at the rate of $93.33 is awarded to Alice Leonard, as the successor to the lifetime claim of Andrew Leonard for total disability commencing on May 7, 1975 and ending September 11, 1975.

2. In her own right as a dependent widow in her death claim, Alice Leonard is entitled to compensation starting September 12, 1975 and continuing to the present date and thereafter, at the maximum rate of $71.40.

3. Accrued compensation shall bear interest at the rate of 10%, from the date accrued, medical and subrogation claims from October 1, 1975.

4. From the total sums thus awarded and continuing there shall be an attorney's fee of 20% thereof in payment to Attorney Thomas P. Geer.

In addition to the foregoing, F. W. Kestle Associates and its insurer shall pay the following sums by way of reimbursement, subrogation and attorney's collection commission:

| | | |
|---|---|---|
| To: | Blue Cross | $2,860.60 |
| To: | Blue Shield | $ 206.67 |
| To: | Attorney Thomas P. Geer | $1,533.63 |
| To: | Attorney Thomas P. Geer for reimbursement of sums expended | $ 277.40 |
| To: | Alice Leonard for reimbursement for amount paid to John E. Love, M.D. | $ 62.00 |
| To: | Alice Leonard, the statutory amounts for funeral expenses | $1,500.00 |