Cooper-Jarrett, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Robert D. Brown, Respondents.

Argued April 6, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Anthony J. Basinski, Reed, Smith, Shaw & Mc-Clay,* for petitioner.

*Amiel B. Caramanna, Jr.,* with him, *Alexander J. Pentecost,* for respondent, Robert D. Brown.

OPINION BY JUDGE MENCER, July 22, 1981:

This is an appeal by Cooper-Jarrett, Inc. (employer) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of compensation and attorney's fees to Robert D. Brown (claimant). We affirm in part and reverse in part.

The claimant worked for the employer as an over-the-road truck driver. He alleged that he injured his head, neck, and shoulders on June 17, 1977 when, on three separate occasions, his head inadvertently struck the cab roof of a truck he was driving on rough sections of Interstate 80. The employer denied that the claimant suffered an injury in the manner alleged.

Before the referee, the claimant offered the deposition of Dr. Daniel A. Scarnecchia. The doctor testified that, subsequent to June 17, 1977, he treated the claimant for cervical strain with sprain and cervical myositis. The referee determined from the doctor's testimony that the claimant was totally disabled from performing his former occupation and that the disability arose from the June 17, 1977 accidents.

The employer offered the deposition of its own medical doctor who opined that no accident caused the claimant's condition and that the claimant was fully capable of resuming his former job. The referee found Dr. Scarnecchia's testimony to be both competent and the more credible. Additionally, the referee sua sponte awarded attorney's fees to the claimant and against the employer, pursuant to Section 440 of The

Pennsylvania Workmen's Compensation Act.[1] He determined that the employer had no reasonable basis to contest the claim petition when it filed its notice of compensation denial on July 31, 1977 and continued lacking the grounds for a reasonable contest until the claimant was examined by its medical expert more than five months after the alleged accident.

On appeal, the employer, *inter alia*, contends that (1) Dr. Scarnecchia's testimony does not constitute legally competent evidence and (2) the referee erred in awarding attorney's fees where no request for such fees was ever presented to him.

In support of its first contention, the employer refers to the following portion of Dr. Scarnecchia's testimony:

Q. Doctor, taking into account the history Mr. Brown gave you, together with your physical examination and your treatment of him, within a reasonable degree of medical certainty, what do you feel the cause of your diagnosis is?

A. Trauma to the neck and the dorsal spine from a blow, striking his head on the cab apparently.

The employer contends that the doctor's use of the word "apparently" renders his testimony concerning

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, which provides, in pertinent part:

In any contested case where the insurer has contested liability in whole or in part, the employe ... in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established....

In the instant case, the employer was self-insured.

the cause of the claimant's injury too equivocal to be legally competent. Medical testimony which is less than positive or which is based upon possibilities does not constitute legally competent evidence. However, the adverb "apparently" is subject to different interpretations. While in common parlance it is often used as a synonym for "seemingly," it also means "plainly," "clearly," or "obviously."

We cannot determine from the record before us what stress or emphasis Dr. Scarnecchia placed upon the word while testifying. However, on an employer's appeal in a workmen's compensation case, the claimant is entitled to the benefit of the most favorable inferences deductible from the evidence. *Baker v. Oliver B. Cannon & Sons, Inc.*, 26 Pa. Commonwealth Ct. 143, 362 A.2d 1150 (1976). Therefore, on this record, we must infer that Dr. Scarnecchia's testimony conveys that the cause of the claimant's injury was obvious. Any other interpretation of the contested adverb would exceed our authority.

Moreover, the final decision of an employee's entitlement to workmen's compensation benefits should not rest exclusively upon a single word plucked from the context of entire medical testimony. *Wilkes-Barre City v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 230, 420 A.2d 795 (1980). The question addressed to Dr. Scarnecchia required him to take into account the history provided to him by the claimant. He at no time indicated that he did not accept it. He never indicated that the claimant's injury was inconsistent with the alleged accidents. For these reasons, we must reject the employer's first contention.

The referee awarded attorney's fees against the employer without a request for that sanction being presented by the claimant. Because the claimant, who was represented by counsel, never asked for attorney's fees, it was an error for the referee to award them sua

sponte. *See C. P. Wright Construction Co. v. Workmen's Compensation Appeal Board,* 46 Pa. Commonwealth Ct. 531, 406 A.2d 1202 (1979); *cf. Landis v. Zimmerman Motors, Inc.,* 27 Pa. Commonwealth Ct. 99, 365 A.2d 190 (1976) (interpreting Sections 501[2] and 442[3] of the Act).[4]

Accordingly, we enter the following

## ORDER

AND NOW, this 22nd day of July, 1981, the portion of the order of the Workmen's Compensation Appeal Board, dated April 5, 1979, awarding workmen's compensation benefits to Robert D. Brown, is hereby affirmed, and the portion of that order awarding attorney's fees, payable by Cooper-Jarrett, Inc., is

---

[2] 77 P.S. §1021.

[3] Added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §998.

[4] Moreover, the record indicates that the employer's contest of the claim was reasonable. The causation evidence was in dispute or lent itself to contrary inferences and there was no evidence that the employer's contest was frivolous or for purposes of harassment. *See Elek v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 299, 421 A.2d 493 (1980). There was conflicting evidence concerning the degree of the alleged disability. *See A.P. Green Refractories Co. v. Workmen's Compensation Appeal Board,* 44 Pa. Commonwealth Ct. 1, 403 A.2d 172 (1979). Proof of the cause of the claimant's injury depended primarily upon his credibility. *See Jodon v. Workmen's Compensation Appeal Board,* 54 Pa. Commonwealth Ct. 246, 420 A.2d 1137 (1980); *Stone Container Corp. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 384, 413 A.2d 17 (1980). It is true that the employer secured his conflicting medical evidence relatively late in the proceedings. However, even where a contestant produces no evidence and confines his challenge solely to cross-examination of the claimant or his witnesses, the contest is not per se unreasonable. *See Vovercz v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 94, 398 A.2d 734 (1979).

hereby reversed. Accordingly, it is ordered that judgment be entered in favor of Robert D. Brown and against Cooper-Jarrett, Inc., in the amount of $199 per week for the period beginning June 18, 1977 and continuing to August 13, 1977, and beginning again on August 17, 1977 and continuing until such time as the disability changes in nature or extent or ceases and terminates, together with interest at the rate of 10 percent per annum on all deferred payments of compensation from the date due to the date paid, all within the terms and limits of The Pennsylvania Workmen's Compensation Act.

Cooper-Jarrett, Inc., is further directed to pay the following medical expense incurred by claimant:

Dr. D. A. Scarnecchia
4810 Mahoning Avenue
Youngstown, Ohio 44515          $1,026.00

Cooper-Jarrett, Inc., is also directed to reimburse claimant's attorneys, Alexander J. Pentecost, Esquire, and Amiel B. Caramanna, Jr., Esquire, 1420 Grant Building, Pittsburgh, Pennsylvania 15219, for the following costs incurred by them on claimant's behalf:

| | | |
|---|---|---|
| Dr. Daniel A. Scarnecchia | | |
| Appearance and testimony | | $ 200.00 |
| Adelman Reporting Service | | |
| Transcript of testimony | $ 34.00 | |
| Dr. Scarnecchia's deposition | 82.20 | 116.20 |
| Linda J. Danis, Reporter | | |
| Deposition of Dr. Cyrus T. Markoe | | 25.00 |

Attorney's fees of $3,990.10 are approved, and Cooper-Jarrett, Inc., is directed to deduct said amount

from deferred compensation due claimant and forward it to Alexander J. Pentecost, Esquire, 1420 Grant Building, Pittsburgh, Pennsylvania 15219. All remaining payments of compensation and interest shall be paid directly to claimant.