William B. Beehler, Sr., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Beehler Construction Co., Respondents.

Argued June 1, 1981, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*William K. Sayer,* for petitioner.

*George W. Teets,* for respondent, Beehler Construction Co.

OPINION BY JUDGE BLATT, September 8, 1981:

The appellant, William B. Beehler, Sr., who was totally disabled in 1972 due to a fall which occurred in the course of his employment as a carpenter,[1] appeals from a decision of the Workmen's Compensation Appeal Board (Board) which granted a petition which was filed by his former employer, Beehler Construction Company, and its insurer to terminate his benefits.

The appellant contends that the finding that he could resume his occupation as a carpenter as of August 24, 1976, was not supported by substantial evidence before the referee. We must disagree.

A physician for the employer examined the appellant on August 24, 1976, and testified that, although the appellant exhibited a 50% limitation in the external rotation[2] of his right arm and a 10% limitation of the right shoulder on upper extension, the doctor could himself manipulate the appellant's arm and shoulder without limitation and that no pain was elicited during the examination.[3] The doctor concluded that the appellant was not disabled and that there

---

[1] In his fall, the claimant strained his neck and fractured his right wrist, his pelvis and his left hand.

[2] Such limitation is tested by holding the arm straight out from the body with the palm facing down and turning the arm so that the palm faces up. A 50% limitation reflects an inability to turn the palm more than 90 degrees.

[3] The doctor also testified that there was no evidence of nerve root injury sensory change, atrophy or spasm of the muscles in the right upper extremity and that the right hand had a good grip with no loss of strength.

were no effects which would prevent his performing his job as a carpenter.

Although there was conflicting medical evidence[4] that might have led us to reach a different result if we had been the factfinder here, the resolution of such conflicts in testimony is solely within the province of the referee and where, as here, his findings of fact are supported by substantial evidence, we may not disturb them. *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board*, 55 Pa. Commonwealth Ct. 541, 423 A.2d 479 (1980); *F. W. Kestle Associates v. Workmen's Compensation Appeal Board*, 54 Pa. Commonwealth Ct. 313, 421 A.2d 489 (1980).

We will therefore affirm the Board's termination of benefits.

ORDER

AND Now, this 8th day of September, 1981, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

[4] The appellant's treating physician and an impartial doctor appointed by the Board both concluded that motion in the appellant's shoulder was restricted in such a way as to make it impossible for him to swing a hammer above shoulder level and that he was therefore totally disabled for carpentry work.