Ella G. Ehrhart, Petitioner *v.* Workmen's Compensation Appeal Board (Liquor Control Board et al.), Respondents.

Argued September 15, 1983, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

124

*P. Nelson Alexander*, for petitioner.

*John W. English, Jr.*, with him *Gary F. DiVito*, Chief Counsel, and *Paul Dufallo*, for respondents.

OPINION BY JUDGE BLATT, October 27, 1983:

This case comes here on appeal, pursuant to Section 763(a)(1) of the Judicial Code, 42 Pa. C. S. §763 (a)(1), from an order of the Workmen's Compensation Appeal Board (Board) affirming the referee's order denying payment of attorney fees and assessment of a penalty.

On November 25, 1975, Ella Ehrhart (claimant) incurred back injuries while in the course of her employment for the Pennsylvania Liquor Control Board (employer). After a series of delays, a referee handed down a decision on July 17, 1981 ordering payment of total disability benefits but denying both payment of attorney fees and imposition of a penalty.

The claimant asserts that attorney fees should have been assessed pursuant to Section 440 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §996, which provides as follows:

> In any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney fees. . . . Provided, that cost for attorney fees may be excluded

when a reasonable basis for the contest has been established.

Whether or not an employer's contest is a "reasonable one" is a question of law. *Stone Container Corp. v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 384, 413 A.2d 17 (1980). The primary question in determining the reasonableness of an employer's contest is whether the contest was brought to resolve a genuinely disputed issue or merely for purposes of harassment. *Workmen's Compensation Appeal Board v. Denny,* 25 Pa. Commonwealth Ct. 395, 360 A.2d 306 (1976); *Landis v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 491, 402 A.2d 723 (1979). As a defense to the present action, the employer argued that the injury was not within the claimant's scope of employment. To support this proposition, evidence was offered indicating that the injury occurred while the employee was engaging in activity which was not part of her normal duties and which she was not ordered to do. Such evidence goes directly to the scope of employment and, furthermore, leads to the conclusion that the employer's contest was to dispute a genuine issue and not merely to harass the claimant.[1]

The claimant also argues that a penalty should be imposed for excessive and unreasonable delay pursuant to Section 435 of the Act, 77 P.S. §991(d)(i), which provides that:

The department, the board, or any court which may hear any proceeding brought under this act shall have the power to impose penalties as pro-

---

[1] Because we affirm the Board in concluding that a reasonable basis for the contest was presented, we need not decide if the purported *sua sponte* raising of attorney fees by the referee was inconsistent with *Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 12, 432 A.2d 1128 (1981).

vided herein for violations of the provisions of this act or such rules and regulations or rules of procedure:

Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, that such penalty may be increased to twenty per centum in cases of unreasonable or excessive delay.

The Board, citing *Cooper-Jarrett, Inc. v. Workmen's Compensation Appeal Board,* 61 Pa. Commonwealth Ct. 12, 432 A.2d 1128 (1981), ruled that a penalty should not be assessed because the claimant had failed to request it from the referee and the referee may not assess a penalty *sua sponte. Cooper-Jarrett,* however, held that *attorney fees* could not be assessed *sua sponte* by the referee. And a plain reading of Section 435 of the Act indicates that the department, the board or any court, hearing any proceeding brought under this act, shall have power to impose *penalties.* In this case, however, we must follow *Glagola v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 80, 428 A.2d 1016 (1981), wherein we held that a penalty may not be imposed under Section (d) absent proof of a violation of the Act or of the rules of the department or board. Neither a violation of the Act nor violations of the department or board were found here by the referee, nor does our analysis disclose any violations. We must conclude therefore that the denial of penalties was proper.

We will affirm the decision of the Board.

ORDER

AND Now, this 27th day of October, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.