531 A.2d 854

Patricia E. Richmond, Petitioner *v.* Workmen's Compensation Appeal Board (Oxford Chemical, Inc.), Respondents.

Submitted on briefs February 24, 1987, to President Judge CRUMLISH, JR., Judge BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Morton Gordesky,* for petitioner.

*David L. Allebach, Jr., Reynier, Crocker, Allebach & Reber, P.C.,* for respondent, Oxford Chemical, Inc.

OPINION BY JUDGE BARRY, October 1, 1987:

Patricia Richmond, the claimant, appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of a referee awarding the claimant benefits for partial disability.

Claimant is employed as a sales representative by Oxford Chemical, Inc. (employer). In May of 1981, while in the course of her employment, she was injured in an automobile accident. She was paid total disability benefits pursuant to a notice of compensation payable. In November of that same year, the claimant signed a final receipt and returned to work.

In August of 1982, the claimant filed a petition to set aside the final receipt. Following a hearing, the referee found that claimant had suffered periodic recurrences of the disabling injuries. The referee further found that the claimant had been unable to work from April 1, 1982 to May 18, 1982, inclusive; from January 6, 1983 to February 8, 1983, inclusive; from March 31, 1983 to April 14, 1983, inclusive; August 3, 1983 to August 17, 1983, inclusive and from December 12, 1983 to January 17, 1984, inclusive. The referee also found that the claimant was able to work only half days from November 9, 1981 to December 8, 1981, inclusive and from August 19, 1982 to September 10, 1982, inclusive. Claimant, who was paid strictly on a commission basis for sales made, sometimes did not receive her commis-

sion checks until one or two months after the sale. As a result, the claimant received commission checks during the periods when she was unable to work and, because of this fact, the referee ruled that her disability was partial, as opposed to total, and awarded reduced benefits based on the finding of partial disability. The referee also found that the employer had presented a reasonable contest and was, therefore, not responsible for the payment of claimant's attorneys' fees. The claimant appealed to the Board which affirmed. This appeal followed.

On this appeal, the claimant argues that the Board erred in affirming the referee's decision concerning both the reasonableness of the employer's contest and the degree of disability. For the reasons that follow, we will affirm on the former and reverse on the latter.

Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Act of February 8, 1972, P.L. 25, 77 P.S. §996 (Supp. 1987), permits the award of attorneys' fees and other costs where the employer fails to present a reasonable contest on the question of the employer's liability. Whether an employer has presented a reasonable contest is a question of law. *Ehrhart v. Workmen's Compensation Appeal Board (Pennsylvania Liquor Control Board),* 78 Pa. Commonwealth Ct. 123, 466 A.2d 1139 (1983). In this case, a number of the claimant's complaints of pain in the lower back and leg were based strictly on subjective complaints of pain. Furthermore, claimant's medical expert testified on cross-examination that all individuals suffer from some degree of degenerative disc disease, unrelated to trauma. While the expert testified that, within a reasonable degree of medical certainty, he believed claimant's injuries were traumatic in origin, he admitted it is often impossible to be absolutely certain. Further, on cross-

examination of the claimant, the employer was able to obtain an admission from the claimant that, in one instance, the onset of pain followed a family altercation. While we must admit this to be a close question, given all of the above, we agree that the employer presented a reasonable contest.

We cannot agree, however, with the determinations of both the Board and referee concerning the question of the extent of disability. The referee, in reliance of wage statements submitted showing that the claimant had received commission checks during those periods she was unable to work, held that the disability was only partial. Although neither the referee nor the Board set forth authority for such a proposition, the employer, in its brief arguing for an affirmance of the Board's order, sets forth two possible sources of such authority. The employer first points to Section 306(b) of the Act, 77 P.S. 512 (Supp. 1987), which provides:

> For disability *partial in character* . . . sixty-six and two-thirds per centum of the difference between the wages of the injured employee, as defined in [77 P.S. §582] and the earning power of the employee thereafter; but such compensation shall not be more than the maximum compensation payable. . . . The term 'earning power', as used in this section, shall in no case be less than the weekly amount which the employe *receives* after the injury. . . . (Emphasis added.)

The employer thus argues that, since the claimant received commission checks during the periods she was unable to work, her disability was partial, as opposed to total. The employer also relies upon those cases which hold that, when disability is present with its resultant loss of earning power, no benefits need be paid when the employee receives wages for services which are

equal to or in excess of the pre-injury wage. *E.g. Johnson v. Workmen's Compensation Appeal Board (Clearfield County Vo-Tech School)*, 36 Pa. Commonwealth Ct. 527, 388 A.2d 767 (1978). For the reasons that follow, we believe that, except for the periods when claimant was able to work half-time, she was totally disabled and the authorities cited above do not compel a different conclusion.

In his exhaustive treatise on workmen's compensation, Judge BARBIERI states, "Temporary total disability, simply defined, is the incapacity to maintain performance of work in any gainful employment." 1 A. Barbieri, Pennsylvania Workmen's Compensation and Occupational Disease, §5.13 (1975). There is no question in this case that for the periods in question the claimant was unable to work at all because of the recurrence of her work-related back problems. That she received commission checks during these periods for prior sales does not alter this conclusion. The employer's reliance upon Section 306(b) of the Act is misplaced for that section deals *only* with *partial* disability while here claimant was inarguably suffering from temporary total disability during those periods when she could not work at all. As for *Johnson* and its progeny, those cases also contemplate the situation that an injured employee is able to return to work in spite of the disabling injuries, a situation not present for the applicable periods here. When a claimant's injuries prevent him or her from laboring at all for periods of time, that claimant is totally disabled and the fact that the claimant actually receives compensation for work performed prior to the disabling injury does not change the character of that disability.

Affirmed in part and reversed and remanded in part.[1]

---

[1] Lest there be any confusion, Section 306(a) of the Act, 77 P.S. §512, provides that payment for disability shall begin after the

ORDER

Now, October 1, 1987, the order of the Workmen's Compensation Appeal Board, dated April 25, 1986, at No. A-90251, is affirmed in part and reversed in part. That portion of the order which holds that the employer presented a reasonable contest on the question of its liability is affirmed. The portion which held that the claimant was entitled to benefits for partial disability is reversed and the matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

seventh day of total disability. As we are dealing with recurrences of a work-related injury, the seven day waiting period is applicable only once and not at the beginning of each period of recurrence.