602 A.2d 415

**O. Robert BERRY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (UNITED MINERALS & GRAIN CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 25, 1991.

Decided Jan. 9, 1992.

---

Michael N. Silver, for petitioner.

Marshall A. Haislup, III, for respondent.

Before CRAIG, President Judge, PALLADINO, J., and BARRY, Senior Judge.

BARRY, Senior Judge.

O. Robert Berry (Berry) appeals an order of the Workmen's Compensation Appeal Board (the Board) which affirmed a referee's decision that denied benefits for total disability and loss of an eye for all practical intents and purposes. Berry filed a petition alleging that he lost the use of his right eye and suffered from a chronic anxiety condition due to work related stress incurred during his employment with United Minerals & Grain Corp. (UMG). UMG filed an answer denying the material allegations of the claim. Following a hearing, the referee denied benefits and the Board affirmed.

On appeal, Berry argues that the Board's recognition that the referee employed the wrong standard when deciding

this case mandates a remand. Berry also contends that substantial evidence does not support the referee's finding that he did not lose the use of his right eye for all practical intents and purposes. We find no merit to Berry's arguments and affirm.

The facts as found by the referee are as follows. Berry was employed by UMG as a steel salesman. Berry testified that he resigned because UMG failed to fill orders he had procured thus irreparably destroying his reputation in the industry. Berry further testified that this failure caused work stress which led to a loss of self confidence and vision problems with his right eye. Berry lost the use of his left eye prior to his employment with UMG. Berry presented the following medical testimony. Dr. DeSilverio, a psychiatrist, diagnosed Berry as suffering from chronic anxiety condition and depression caused by work stress, rendering him disabled. Dr. DeSilverio also testified that the work stress caused Berry's eye problem. Dr. Gerner, an ophthalmologist, diagnosed Berry as suffering from ischemic optic neuropathy in the right eye resulting in an 85% loss of vision for all practical intents and purposes. Dr. Gerner stated that work stress was the cause of Berry's condition.

UMG presented contradictory testimony. Dr. Michals, a psychiatrist, testified that Berry suffers from no psychiatric disorder and is not disabled. Dr. Michals also found no relationship between Berry's work stress and his eye problem. Dr. Kay, an ophthalmologist, testified that Berry suffers from non-ateritic optic neuritis of the right eye which was unrelated to work stress. Dr. Kay stated that Berry's vision without glasses is 20/200; Berry's vision is correctable to 20/30. Maurice Haines, a private investigator, testified that following his resignation from UMG and development of his eye problem, Berry had driven an automobile for distances up to 100 miles. The referee expressly accepted the testimony of Drs. Michals and Kay, and Mr. Haines, and discredited the testimony of Drs. DeSilverio and Gerner and of Berry.

■ This Court's scope of review in this case is clear. The record will be examined to determine if constitutional rights have been violated, an error of law has occurred or if necessary factual findings are supported by substantial evidence. *Terrell v. Workmen's Compensation Appeal Board (J.V. McNicholas)*, 112 Pa.Commonwealth Ct. 420, 535 A.2d 310 (1988). In workmen's compensation proceedings, the referee is the ultimate fact finder; questions of credibility and weight of the evidence are within the province of the referee who is free to accept or reject the testimony of any witness, in whole or in part, including medical witnesses. *Sullivan v. Workmen's Compensation Appeal Board (Philadelphia Electric Co.)*, 120 Pa.Commonwealth Ct. 364, 548 A.2d 404 (1986).

■ In affirming the denial of benefits, the Board noted that the referee employed the burden of proof announced in *Russella v. Workmen's Compensation Appeal Board (National Foam Systems, Inc.)*, 91 Pa.Commonwealth Ct. 471, 497 A.2d 290 (1985) *petition for allowance of appeal denied*, 516 Pa. 637, 533 A.2d 95 (1987) when denying benefits. The Board determined that the *Russella* test was appropriately applied to the portion of Berry's claim that alleged disability due to chronic anxiety condition and depression as diagnosed by Dr. DeSilverio.[1] Where a claimant alleges a psychic injury, such as chronic anxiety condition and depression, caused by a work related psychological stimulus, such as work stress, the claimant must establish the existence of abnormal working conditions through objective evidence which corroborates his own subjective perception of the work environment. *Kemp v. Workmen's Compensation Appeal Board (Elkland Electric Co.)*, 121 Pa.Commonwealth Ct. 23, 549 A.2d 1365

1. Berry presented evidence on disability due to both a psychiatric disorder and vision problems. On appeal here, Berry only argues errors related to the vision problem portion of his claim. Thus, the psychiatric disorder disability claim has been abandoned. Moreover, the referee accepted Dr. Michals' testimony that Berry does not suffer from any psychiatric disorder. Therefore, substantial evidence supports the referee's decision to deny benefits based upon that portion of Berry's claim.

(1988), *petition for allowance of appeal denied,* 523 Pa. 652, 567 A.2d 655 (1989). Thus, to the extent that the referee applied *Russella* to determine the disability claim based on a psychic injury, no error of law was committed.

■■■ Berry successfully argued before the Board that the referee erred because the same test was used to determine the eligibility for benefits arising from the alleged physical injury to the right eye. Objective evidence corroborating abnormal working conditions is not part of a claimant's burden of proof when a physical injury is alleged to have been caused by a psychological stimulus. *Boeing Vertol Co. v. Workmen's Compensation Appeal Board (Coles),* 107 Pa.Commonwealth Ct. 388, 528 A.2d 1020 (1987), *petition for allowance of appeal denied,* 517 Pa. 619, 538 A.2d 501 (1988). The Board agreed that the referee committed an error of law; however, the Board determined that, in light of the referee's factual findings and credibility determinations, it was harmless error. Berry now argues that the commission of an error of law by the referee requires that this case be remanded.

Berry cites us to *Joseph v. Workmen's Compensation Appeal Board (Delphi Co.),* 522 Pa. 154, 560 A.2d 755 (1989), *Smith v. Workmen's Compensation Appeal Board,* 63 Pa.Commonwealth Ct. 340, 437 A.2d 1301 (1981) and *McGraw–Edison/Power System Division v. Workmen's Compensation Appeal Board,* 62 Pa.Commonwealth Ct. 302, 436 A.2d 706 (1981), for the proposition that the Board was required to remand this case to the referee once it determined that an error of law was committed. We disagree that these cases require such a result.

*Joseph* involved a premature closing of the record which improperly excluded evidence. *Joseph,* 522 Pa. at 159, 560 A.2d at 757. Thus, a remand was required to allow the referee, as the ultimate finder of fact, to render factual findings based upon a complete record. We are not presented here with an allegation that any evidence has been improperly excluded. Therefore, the referee con-

sidered the complete record when rendering his decision and *Joseph* is distinguishable.

*Smith* involved the absence of a necessary finding of fact from the referee's decision. *Smith*, 63 Pa.Commonwealth Ct. at 344, 437 A.2d at 1302–03. Again, a remand was required to allow the referee to fulfill his/her fact-finding function. The error alleged here involves a conclusion of law: did the claimant meet his burden of proof? This is not a necessary finding of fact; thus *Smith* does not require a remand here.

In *McGraw–Edison* the Board did remand to the referee to allow application of the proper burden of proof when an error of law was committed. *McGraw–Edison*, 62 Pa.Commonwealth Ct. at 305, 436 A.2d at 708. Nonetheless, we hold that *McGraw–Edison* does not require a remand for this purpose in all cases. Our Court was clear that the Board *may* remand a case involving this type of error to the referee. A holding that the Board may remand does not require the Board to do so. A remand is not necessary where the referee's findings satisfactorily resolve the issues presented. *Schuster v. Workmen's Compensation Appeal Board (Lee Tire & Rubber Co.)*, 74 Pa.Commonwealth Ct. 56, 459 A.2d 846 (1983). Here the referee specifically rejected all testimony which tied Berry's eye condition to the work related stress and accepted the testimony which stated that work related stress had no causal connection with that injury. The only legal conclusion which can follow from these factual findings is that the claimant has failed to sustain his burden of proof. Berry's failure is not a failure to produce objective corroborating evidence of abnormal working conditions. Rather, it is a failure to persuade the finder of fact that his injury is causally related to his work with UMG. Thus, the Board was correct in its determination that it would affirm the referee's decision even though the analysis was faulty. See, *Gregorious v. Workmen's Compensation Appeal Board (European Health Spas)*, 87 Pa.Commonwealth Ct. 86, 486

A.2d 564 (1985) (applying harmless error rule in Workmen's Compensation proceedings).

The same failure to persuade the referee of a causal connection between the eye injury and the work stress dooms Berry's argument that the referee erred in determining that he had not suffered a loss of the use of his right eye for all practical intents and purposes. Assuming, *arguendo*, that Berry did suffer such a loss, he is not entitled to compensation unless he persuades the finder of fact on all elements necessary for an award, including the causal connection between work and the injury. *Halaski v. Hilton Hotel*, 487 Pa. 313, 409 A.2d 367 (1979). Thus, all the contentions urged by Berry involve harmless error at best.

Affirmed.

### ORDER

NOW, January 9, 1992, the order of the Workmen's Compensation Appeal Board, dated May 8, 1991, at A89–1556, is affirmed.