ROADWAY EXPRESS, INC., Petitioner,

v.

WORKMEN'S COMPENSATION
APPEAL BOARD (WEISS),
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 10, 1995.

Decided March 21, 1995.

Michael I. Levin and David W. Brown, for petitioner.

Robert G. Radebach, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

PELLEGRINI, Judge.

Roadway Express, Inc. (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) affirming the Referee's decision denying its termination petition and ordering it to continue paying workmen's compensation benefits to Edward Weiss (Claimant).

Claimant suffered a work-related back injury on September 19, 1978, and began receiving workmen's compensation benefits for that injury. On December 4, 1991, he received a letter from his attorney indicating that his Employer was inquiring as to whether he would be interested in a commutation and wanted to know his feelings on the matter. On December 9, 1991, Claimant received a letter directly from his Employer stating the following:

Dear Mr. Weiss:

As you know, you are receiving disability compensation from Roadway Express, Inc. Under the Workers' Compensation Act, we have the right to have you examined by a physician to determine your physical capabilities and to refer open and available jobs to you that may fall within your physical restrictions. In order to reduce our liability, we would like to send you for a physical examination and to retain vocational placement services on your behalf.

We do note however, that you are currently 68 years old, therefore, we are wondering whether we would be wasting your

time and our money attempting to place you in a suitable employment if you have no desire to work. We therefore, request that you advise us whether you consider yourself to be retired and no longer in the work force. If so, we will not schedule you for an examination and will not retain vocational services on your behalf.

Please advise us of your position by returning to us in the self-addressed stamped envelope that we are providing, a copy of this letter with the appropriate statement signed by you.

The statement form that was attached to the above letter gave Claimant the following two options and requested that he sign and date the option he chose:

1) I, Edward Weiss, consider myself to be retired and no longer a part of the work force. Therefore, I do not want Roadway to have me examined or to retain vocational placement services for me.

2) I, Edward Weiss, am willing to return to suitable work within my physical capabilities, if any is available, and do not object to a physical examination to determine my physical capabilities and the retention of vocational placement services.

Claimant chose Option 1 indicating that he considered himself to be retired and no longer a part of the work force, signed and dated the statement, and returned the form to his Employer.

Upon receipt of Claimant's signed statement indicating that he considered himself to be retired, his Employer filed a petition to terminate his benefits arguing that for that very reason, he was no longer entitled to benefits. Claimant filed an answer denying that allegation and stating that he remained disabled and was unable to work. Claimant also stated that even though he had been represented by counsel for over two years and during that time there had been ongoing discussions regarding the commutation of his benefits, his Employer contacted him directly without going through his counsel to procure a statement that was neither true nor accurate.

At the hearing before the Referee, the only evidence offered by the Employer to prove Claimant's retired status was the statement he signed indicating that he considered himself retired from the work force. Claimant, however, testified that while he read the document before signing it, he "did not think what they took out of it." (Notes of Testimony at 12a.) He also stated that he did not contact his attorney about the letter because he "accepted this just as a good faith to keep Roadway from the extra costs of examinations." (Notes of Testimony at 18a, 19a.) Claimant explained that as a result of his injury, he had five discs removed from his back and suffered from continuous back pain, but had not seen a doctor during the past two years because there was nothing more that could be done and his Employer refused to authorize further treatments for that reason. Nonetheless, when he was asked at the hearing if he would be willing to have an independent medical examination, he stated that he would, and if his Employer was able to find employment within his limitations, he would take the job. (Notes of Testimony at 15a, 19a.) Regarding the commutation of his benefits, he stated that he had discussed that possibility with his attorney for several years prior to receiving the December 4, 1991 letter from his attorney asking him his feelings on the subject. (Notes of Testimony at 16a, 17a.)

▮▮▮▮ The Referee found that Claimant was in continuous pain, had been having discussions with his Employer regarding commutation of benefits over the past two years, and he had credibly testified that he would return to work if there was a job within his restrictions. He further found that Claimant had signed the statement indicating that he was retired because he did not want his Employer to incur additional expenses. The Referee then denied the Employer's termination petition because Claimant had affirmatively established that he was still available for work and had not removed himself from the work force. The Employer filed an appeal with the Board which affirmed the Referee's decision. This appeal by the Employer followed.[1]

1. Our scope of review is limited to determining          whether constitutional rights have been violated,

The Employer contends that the Referee erred by dismissing its petition because Claimant signed the statement indicating that he was retired, testified at the hearing that he intended to be truthful when he signed the statement, and could have chosen the second option on the form if he did not object to a physical exam or his Employer obtaining vocational placement services for him.[2] It relies on our Supreme Court's holding in *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994), and this court's holding in *Dugan v. Workmen's Compensation Appeal Board (Fuller Company of Catasauqua)*, 131 Pa.Commonwealth Ct. 218, 569 A.2d 1038 (1990), to support its contention that an admission of retirement by a claimant is sufficient to terminate benefits. However, the facts in both *Petrisek* and *Dugan* are distinguishable from those presented here.

In *Petrisek*, the Referee, Board and this court agreed that claimant was entitled to benefits because he was permanently disabled due to coal worker's pneumoconiosis and that his disability had resulted from his employment within the coal industry in Pennsylvania. On appeal to the Supreme Court, the employer argued that the claimant had voluntarily retired in 1981 and only found out that he became totally disabled in 1985. Because he had no intention of returning to work when he retired in 1981, the employer contended that the claimant had not suffered any wage loss and was not entitled to benefits even though it was later determined that he was totally disabled.

Reversing our decision, our Supreme Court found not only that the claimant had retired in 1981, but that he unequivocally stated at his hearing in 1985 on direct examination that he was retired. The court further noted that the claimant was 68 years of age at the time of the hearing, and after 42 years in the coal mining industry it was highly unlikely that he intended to re-enter the work force. Consequently, the court concluded that claimant was not entitled to benefits because there was no evidence that he had been forced into compulsory retirement due to his disabling occupational disease, but instead, had voluntarily retired from the work force in 1981.

Similarly, in *Dugan*, after a hearing was held on the claimant's petition seeking benefits, the record was reopened for an additional hearing because in the interim, the claimant had retired. When asked at the hearing if he was attempting to obtain employment, the claimant responded unequivocally that he was not because he was retired. While granting the claimant benefits for his injury, the referee only awarded them from the time of his injury up until the date he stated that he had retired. On appeal, this court affirmed the referee's decision because claimant's loss of earnings was caused by his voluntary retirement and withdrawal from the labor market.

However, in this case, even though Claimant signed the form indicating that he considered himself retired, he explained at the hearing that the reason he did so was because he wanted to prevent his Employer from incurring additional costs for a medical examination. Further, he unequivocally stated that he would agree to an independent examination and, unlike in *Petrisek* and *Dugan*, would return to work if it were available within his limitations. As such, the facts of this case are more analogous to those in *Joy Technologies v. Workmen's Compensation Appeal Board (Heeter)*, 155 Pa.Commonwealth Ct. 9, 624 A.2d 710 (1993), where we determined that a claimant had not removed himself from the job market based on his testimony that he would like to be back to work if he were able in response to being asked if it was his intention to retire from work.

---

an error of law committed, or whether the findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990), *affirmed*, 531 Pa. 287, 612 A.2d 434 (1992).

2. The Employer further points out that because Claimant was an elderly man receiving social security benefits, a Teamsters' pension and total disability workers' compensation benefits, he did not wish to work any more and his admission on the form that he was retired was believable.

In workmen's compensation cases, the Referee is the ultimate fact finder. Questions of credibility and weight of the evidence are within the province of the Referee who is free to accept or reject that evidence as credible. *Berry v. Workmen's Compensation Appeal Board (United Minerals & Grain Corporation),* 144 Pa.Commonwealth Ct. 684, 602 A.2d 415 (1992). Because the Referee found Claimant's explanation credible as to why he signed the statement indicating that he was retired and that he would return to work if there was a job within his restrictions, and there is sufficient evidence in the record to support that finding, we will not disturb the Referee's credibility determination. Consequently, because the Referee determined that Claimant had not removed himself from the work force, the Board did not err by affirming the Referee's order denying the Employer's termination petition.

Accordingly, the decision of the Board is affirmed.

### ORDER

AND NOW, this 21st day of March, 1995, the order of the Workmen's Compensation Appeal Board, dated July 12, 1994, No. 92–2203, is affirmed.