Bound Brook Corporation, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Frank Koperna, Respondents.

Argued October 1, 1979, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*James P. Bradley,* for petitioner.

*Stephen P. Ellwood,* with him *Lester Krasno,* for respondents.

OPINION BY JUDGE BLATT, November 29, 1979:

On August 6, 1974, Frank Koperna (claimant) was injured during the course of his employment. Workmen's compensation payments were made to him pursuant to a compensation agreement until June 16, 1975 when he returned to work. On July 16, 1976, the employer, Bound Brook Corporation, filed a petition for termination of the compensation agreement

alleging that the claimant had returned to work at his pre-injury earnings. After several hearings the referee granted the employer's petition concluding that all disability relating to the initial injury had ceased as of June 16, 1975. The claimant appealed to the Workmen's Compensation Appeal Board (Board) alleging that the referee's findings were not supported by substantial evidence and in addition that he was prejudiced by the fact that the referee rendered a decision before the claimant had been afforded an opportunity to submit a brief. The Board set aside the referee's findings and order and remanded the matter to the referee to give the claimant an opportunity to "complete its case and to allow any additional evidence offered by either party." The employer appeals from that order.

The general rule is, of course, that an order of the Board remanding a case to a referee is interlocutory and that an appeal to this Court from such an order will be quashed. *American Can Co. v. Workmen's Compensation Appeal Board,* 37 Pa. Commonwealth Ct. 169, 389 A.2d 263 (1978). However, in *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975) we have interpreted the 1972 amendments to Section 423 of The Pennsylvania Workmen's Compensation Act[1] as imposing upon the Board stricter limitations on its former wide capacity to remand cases to referees for the taking of additional evidence, and have held that the new provisions empower the Board to remand only when "the referee's findings are not supported by competent evidence" or when "the referee [has] failed to make a finding on a crucial issue necessary for the proper

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Act of February 8, 1972, P.L. 25, 77 P.S. §§853-54.

application of the law.'' *Forbes, supra,* at 358, 336 A.2d 445.

In the instant case, the claimant has alleged that his ailments subsequent to his injury were causally connected to his work related injury, and he presented supporting medical testimony from his physician. The employer's physician did testify *unequivocally,* however, that the claimant's maladies could not have been caused by his work-related injury,[2] and

---

[2] Dr. Bendersky testified on the crucial issue as follows:

Q. Doctor, after reviewing this particular record as well as the other records that you referred to at the beginning of the deposition, as well as your knowledge of gastro-viral conditions, can you express an opinion with reasonable medical certainty as to whether or not the hospitalization underwent by Mr. Koperna between the 8th of December 1974 to the 12th of December 1974 is related to the accident that Mr. Koperna suffered on August 6, 1974?

A. I can render such an opinion.

Q. And what is that opinion, Doctor?

A. The opinion is that there is no connection.

. . . .

Q. After reviewing the records in question, Doctor, and taking into consideration your knowledge of ulcers in the treatment of patients with ulcers, can you express an opinion with reasonable medical certainty as to whether or not the hospitalization that Mr. Koperna underwent between April 23, 1975, and May 2, 1975, was in any way related—by that I mean directly or indirectly—to the accident Mr. Koperna sustained on August 6, 1974?

A. The opinion is that there is no connection direct or indirect between the ulcer diagnosed in April 1975 and the injury of August 6, 1974.

. . . .

Q. Doctor, based on your review of the records of the hospitalization of October 31, 1975, to November 8, 1975, as well as the other records that you have reviewed, can you express an opinion with reasonable medical certainty as to whether or not the hospitalization of October 31, 1975, was either directly or indirectly related to the trauma sustained by Mr. Koperna on August 6, 1974?

the resolution of conflicts in the testimony of expert witnesses is, of course, within the referee's province. *Workmen's Compensation Appeal Board v. Phillips,* 29 Pa. Commonwealth Ct. 613, 372 A.2d 63 (1977). We believe that the referee was clearly acting within his authority when he accepted the employer's doctor's testimony, and this competent evidence was therefore on the record in support of his findings. The fact that the claimant failed to submit a brief was not in itself a proper ground for granting the remand,[3] for the record is devoid of any evidence whatsoever that the claimant was denied the opportunity

---

A. I can arrive at an opinion.

Q. What is that opinion, Doctor?

A. My opinion is that there is no connection.

Q. Doctor, based on your review of the medical records and your knowledge of duodenitis and coronary artery disease, can you express an opinion with reasonable medical certainty as to whether or not there is any relationship between the admission that Mr. Koperna had to the Good Samaritan Hospital between July 6, 1976, and his discharge of July 18, 1976, and the type of trauma that he sustained on August 6, 1974?

A. I have an opinion.

Q. And what is that opinion, Doctor?

A. There was no etiological connection.

Q. With respect to at least the coronary artery disease, again, are you saying that you are not sure that he has coronary artery disease but assuming that he does, you don't feel it's related to the accident of August 6, 1974? Is that correct?

A. That is correct.

Q. And with the ulcer, the peptic ulcer that's been referred to, again, you feel that there is no connection between this and the trauma of August 6, 1974; is that correct?

A. That's correct.

[3] Since the Board gave no reason for its decision we must assume that it was based on the grounds advanced by the claimant, *i.e.,* lack of substantial evidence to support the referee's findings and the lack of opportunity to submit a brief.

to submit a brief. It appears, rather, that he simply failed to do so.

For the foregoing reasons[4] we believe the order of the Board remanding the case must be reversed and that the decision of the referee, based as it is on substantial evidence must be reinstated.

ORDER

AND Now, this 29th day of November, 1979, the order of the Workmen's Compensation Appeal Board remanding the case is reversed and the decision of the referee is hereby reinstated.

---

[4] It is uncontroverted that the referee did not fail to make any crucial findings.