530 A.2d 954

Joseph L. Joseph, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (The Delphi Company and Rockwood Insurance Company, Ross & Kennedy, Bituminous Fire & Marine Insurance Company), Respondents.

Joseph J. Joseph, Jr. *v.* Workmen's Compensation Appeal Board (The Delphi Company and Rockwood Insurance Company, Ross & Kennedy, Bituminous Fire & Marine Insurance Company). Rockwood Insurance Company, Petitioner.

Argued March 24, 1987, before President Judge CRUMLISH, JR., Judge PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey,* for petitioner/respondent, Joseph L. Joseph, Jr.

*Francis E. Pipak, Jr.,* with him, *Daniel D. Harshman, Meyer, Darragh, Buckler, Bebeneck & Eck,* for respondent/petitioner, Rockwood Insurance Company.

*Robert C. Little, Burns, Manley & Little, P.C.,* for respondents, Ross & Kennedy Corporation and Bituminous Fire & Marine Insurance Company.

OPINION BY JUDGE PALLADINO, August 26, 1987:

Joseph L. Joseph (Claimant) and Rockwood Insurance Company (Rockwood) have filed cross-appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's determination terminating Claimant's compensation as of January 11, 1983 and holding Rockwood liable for all previous benefits payable to Claimant.

Claimant was employed as an electrician with The Delphi Company (Delphi) when, in July, 1981 and in the course of his employment, he sustained a work-related injury to his left knee. Delphi was an electrical subcontractor working for Ross & Kennedy Corp. (R & K), a general contractor. As a result, Claimant filed claim petitions against Delphi, R & K, and Delphi's al-

leged Workmen's Compensation insurance carrier, Rockwood. Several hearings were held and in January 1984, the referee concluded that Claimant was entitled to compensation for total disability from July 10, 1981 to April 19, 1982 and partial disability compensation from April 19, 1982 to January 12, 1984, the date of the order. The referee also found that Delphi had been uninsured at the time of injury and, therefore, that R & K, as the general contractor, was liable to pay Claimant's medical expenses, compensation and costs. Rockwood was released from any liability for Claimant's compensation.

R & K appealed to the Board, attaching an *ex parte* letter, obtained from the referee, which apparently[1] stated that the record had been closed prior to receipt of a memorandum of law from R & K regarding the issue of liability between Rockwood and Bituminous Fire & Marine Insurance Co. (Bituminous), the insurance carrier for R & K.[2] The Board issued the following order:

---

[1] We note that this letter from the referee to the Board was not included in the record. However, the referee did refer to this letter and its contents at a July 25, 1984 hearing:

What is in dispute here essentially is a theory of affixing liability fully between either Rockwood Insurance or Bituminous. This case has been remanded for what I believe I have read in the Remand Order was a premature closure prior to the time I was to receive a memorandum or brief from Bituminous.

(N.T. at 3-4).

[2] We note that the last hearing prior to the Referee's January 12, 1984 decision took place in July, 1983. All parties attended the hearing and were given ample time and opportunity to submit supporting documentation.

MR. PIPAK [counsel for Rockwood]: Mr. Referee, that's exactly my understanding because of the scope of the request for remand and scope of your letter to the Board concerning the remand. And according to the Board Remand Order, I object to any other proceeding other than

In reviewing this Record it would appear it was prematurely closed. The Board is in receipt of an affidavit of the referee indicating he did not consider an issue in the case. We therefore remand this case for further proceedings before the Referee.

On remand, a hearing[3] was held, additional testimony taken and documents submitted into evidence addressing the issue of insurance coverage and respective liabilities at the time of injury. Thereafter, the referee issued new findings of fact and conclusions of law whereby Claimant's compensation was terminated as of January 11, 1983, and Delphi and Rockwood were

---

the introduction of the memorandum. This case was last heard before you on July 21, 1983, and at that time, there was a time given for the parties to advise—in fact, I was given fourteen days I believe to indicate whether or not I would be offering additional evidence by letter. By letter of July 28, 1983, I indicated with copies to all parties that I would not be offering any additional testimony. Subsequent thereto, Attorney Keisling [counsel for Claimant] prepared proposed findings of fact and conclusions of law. And there was extension allowed for proposed findings and memorandum by apparently by request of Mr. Goyette [counsel for R & K] from Mr. Little's office. On November 11, 1983, counsel for Claimant wrote indicating that Mr. Goyette should respond by providing his proposed findings in short order.

I want the record to be clear I have no objection to the introduction of the memorandum of law. I do object to any testimony today because I believe—
(N.T. at 4-5).

[3] Claimant and his counsel were dismissed from attendance at this hearing because the issue was agreed to be limited to questions of liability between the insurance carriers:

THE REFEREE: Before I let Ray [counsel for claimant] and his client leave because I don't think the injury or accident portions of the disability is at dispute.
(N.T. at 3).

held to be liable for payment of Claimant's compensation. R & K was released from all liability. The Board affirmed the referee and these appeals followed.

Claimant and Rockwood initially assert that the Board erred in remanding the case to the referee following the referee's first decision in January, 1984. Rockwood contends that the Board improperly exercised its review function because the referee, in his first decision, had adequate evidence to decide and did decide the issue of liability between insurers. Claimant contends that the remand was improper because the referee did not prematurely close the record and that, even if the remand was proper, the remand was limited to the issue of liability between insurance companies. Claimant asserts it was error for the referee to change the termination of his compensation to January 11, 1983.

A remand of a referee's decision is proper only when the findings of fact are not supported by substantial evidence or when the referee fails to resolve a crucial issue raised by the evidence or the parties. *Schuster v. Workmen's Compensation Appeal Board (Lee Tire and Rubber Co.),* 74 Pa. Commonwealth Ct. 56, 459 A.2d 846 (1983). The specific issue to be resolved was whether Rockwood effectively cancelled Delphi's insurance policy for nonpayment of premiums, thereby leaving Delphi uninsured at the time of injury. In his first decision, the referee found as fact:

11. That the evidence of record reveals that claimant was in the employ of the Delphi Company when the subject injury occurred and that on July 9, 1981, the Delphi Company was uninsured since the Rockwood Insurance Company cancelled the Workmen's Compensation Insurance policy for lack of payment in June of 1981.

12. That since the Delphi Company is uninsured for Workmen's Compensation purposes, then Ross & Kennedy, who was the general contractor on the job on July 9, 1981, is the responsible statutory employer and is thus responsible for payment of compensation to claimant.

In *Duquesne Light Co. v. Workmen's Compensation Appeal Board (Birx)*, 97 Pa. Commonwealth Ct. 13, 509 A.2d 427 (1986), this court affirmed a remand by the Board because the findings of fact on which the referee based his initial decision were not supported by evidence received into the record prior to the referee's decision. Here, however, the referee's initial findings were supported by evidence of record. It is clear from a review of the record that sufficient evidence critical to a finding on the question of liability between insurers had been before the referee *prior* to his first decision.

With respect to the determination in the Board's order that the referee failed to consider an issue in the case, we refer to the referee's statement of said issue as "a theory of affixing liability fully between Rockwood Insurance or Bituminous." After our review of findings # 11 and # 12, we find it difficult, if not impossible, to conclude the referee failed to make a finding on the crucial issue of the respective liabilities between the insurance carriers.

As there is no indication of a lack of competent evidence to support the referee's January, 1984 findings nor a failure of the referee to make a finding on a crucial issue necessary for the proper application of the law, we hold that a remand was not warranted under the facts of this case. Having invalidated the remand, the subsequent findings of the referee and the Board's order of March 18, 1986 are vacated. As a result, the referee's January, 1984 decision is reinstated. *See Gibson-*

■■■■■■■■■■

*Boulevard, Inc. v. Workmen's Compensation Appeal Board,* 19 Pa. Commonwealth Ct. 147, 338 A.2d 697 (1975). It follows then that the referee's unilateral change in the termination date of Claimant's disability was also error.

Accordingly, the order of the Board is vacated and the award of the referee, dated January 12, 1984, is reinstated.[4]

ORDER

AND NOW, August 26, 1987, the order of the Workmen's Compensation Appeal Board is vacated and the order of the referee dated January 12, 1984, in the above-captioned matter is reinstated.

Jurisdiction relinquished.

Senior Judge NARICK concurs in the result only.

---

[4] Rockwood also presented for our review the issue of whether the cancellation of an insurance policy at the request of a premium finance company acting with a power of attorney from the insured, is a cancellation of the policy by the insured rather than a cancellation by the insurance carrier. We need not reach this issue in light of our holding that the remand was improperly granted.