560 A.2d 755

**Joseph L. JOSEPH, Jr.**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD, (the DELPHI COMPANY and Rockwood Insurance Company, Ross and Kennedy Corporation and Bituminous Fire & Marine Insurance Company).**

Appeal of ROSS AND KENNEDY CORPORATION and Bituminous Fire and Marine Insurance Company.

Supreme Court of Pennsylvania.

Argued March 7, 1989.

Decided June 26, 1989.

Robert C. Little, Burns, Manley & Little, P.C., Pittsburgh, for appellants.

Raymond F. Keisling, Will, Keisling, Ganassi & McCloskey, Carnegie, for Joseph L. Joseph, Jr.

Robert J. Pasquarelli, Wayman, Irvin & McAuley, Pittsburgh, for The Delphi Co.

Francis E. Pipak, Louis C. Long, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for Rockwood Ins. Co.

Norman R. Haigh, Secretary, W.C.A.B., Harrisburgh, for W.C.A.B.

Before NIX, C.J., and FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from an order of the Commonwealth Court which vacated an order of the Workmen's Compensation Appeal Board (Board) and reinstated an order of a referee in connection with a claim of work-related injury filed by Joseph L. Joseph, Jr. (Claimant). Claimant was performing duties in the course of his employ-

ment with the Delphi Company (Delphi), when, on July 9, 1981, he sustained an injury to his left knee. Delphi was a subcontractor performing work for a general contractor, Ross & Kennedy Corp. (R. & K.).

As a result of the injury, claim petitions were filed against Delphi, R. & K., and the workmen's compensation insurance carrier for Delphi, Rockwood Insurance Company (Rockwood). A referee determined that Claimant was entitled to compensation for total disability from the date of the injury until April 19, 1982, and that compensation for partial disability was payable from the latter date through January 12, 1984, i.e., the date of the referee's order. The referee also determined that the general contractor, R. & K., was liable for payment of Claimant's medical expenses, compensation, and costs. This was based upon a finding that the insurance policy procured by Delphi from Rockwood was not in effect at the time of the injury, and, thus, that R. & K. was the responsible statutory employer for purposes of compensation. Hence, Rockwood was discharged from all liability, and liability attached to the insurer for R. & K., Bituminous Fire & Marine Insurance Co. (Bituminous).

An appeal was taken by R. & K. to the Board, and R. & K. forwarded to the Board a letter from the referee which stated that the record had inadvertently and prematurely been closed prior to receipt of a memorandum of law from R. & K. regarding insurance issues involved in the case. The letter, addressed to counsel for R. & K. and Bituminous, stated the following:

> I inadvertently closed the case without having receipt of your Memorandum of Law referable to the question of insurability.
>
> I am writing this in order to establish a premature closure of the record in order that the Appeal Board is apprised that a previous enlargement of time existed for submission of a Memorandum from your office, and the record was closed by this office before receipt of said Memorandum.

I regret that the above closure has inconvenienced your office.

In response to the appeal by R. & K., and the letter from the referee, the Board issued the following order:

In Reviewing this Record it would appear it was prematurely closed. The Board is in receipt of an affidavit of the Referee indicating he did not consider an issue in the case. We therefore Remand this case for further proceedings before the Referee.

The Board's order did not, on its face, remand *solely* for admission of the memorandum of law that had been overlooked by the referee. Perhaps in the expectation that the referee's consideration of the memorandum might reveal a need to receive additional testimony or documents *related* to matters discussed in the memorandum, the Board granted a remand "for further proceedings."

The referee interpreted the Board's order remanding "for further proceedings" as allowing him to reopen the hearing not only for the purpose of receiving the memorandum of law but also for the taking of additional testimony. Testimony was received relative to the respective potential liabilities of Rockwood and Bituminous, focusing primarily upon whether the policy issued by Rockwood had been effectively cancelled prior to Claimant's injury. Essentially no additional testimony was taken with regard to the extent or duration of Claimant's disability. The referee held, in December, 1984, that Delphi and Rockwood were responsible for payment of compensation, and that Claimant's disability terminated on January 11, 1983. Both of these findings plainly contradicted findings made by the referee prior to the remand.

Appeals were taken to the Board by Rockwood and by Claimant, but the post-remand findings of the referee were affirmed. Appeals were then taken to the Commonwealth Court, whereupon the Board's affirmance was vacated and the pre-remand decision of the referee was reinstated. *Joseph v. Workmen's Compensation Appeal Bd.*, 108 Pa. Commw.Ct. 636, 530 A.2d 954 (1987). The Commonwealth

Court held that the case had been improperly remanded to the referee by the Board, and, thus, that the pre-remand findings of the referee would have to be reinstated on grounds they were adequately supported by the record.

In holding that the remand was not proper, the Commonwealth Court reasoned that a remand of a referee's decision is proper *only* when the referee has failed to resolve crucial issues raised by the parties or where the referee's findings of fact are not supported by the evidence. See *Schuster v. Workmen's Compensation Appeal Bd.*, 74 Pa.Commw.Ct. 56, 62, 459 A.2d 846, 849 (1983). Inasmuch as the present case did not in the Commonwealth Court's view meet those criteria, it was held that the Board should have proceeded to review the referee's findings without paying heed to notice supplied by the referee that a relevant memorandum of law had erroneously been omitted from consideration as part of the record. We do not agree that the Board's remand powers are so precisely limited.

We granted allowance of appeal to address the propriety of the Board's remand in light of our recent decision in *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988). In *Cudo*, this Court stated that, to the extent that justice so requires, "[t]he Board has *broad* powers to grant a rehearing." 517 Pa. at 557, 539 A.2d at 794 (footnote omitted). *Cudo* involved a remand to the referee pursuant to 77 P.S. § 871, which governs remands by the Board after Board decisions have been rendered, and which provides that rehearings may be granted "upon cause shown." In the present case, where the Board had not rendered a decision on Claimant's case prior to issuing a remand order, cause for a remand was nevertheless clearly established, for the referee communicated to the Board that a notable error had been committed. It would have been unjust for the Board to proceed with a review of the referee's decision, after having been informed that a timely memorandum of law from one of the parties had been ignored by the referee.

This was a situation where a remand by the Board was plainly warranted. Where there has not already been a decision rendered by the Board, recognition of the power to remand in the interest of efficient and fair resolution of claims is even more compelling than in cases where a decision has previously been rendered. The Board should not be forced to review an imperfect decision of a referee that can, at that stage, very easily be rectified.

Whether the referee failed to consider an issue entirely, as the Board's order infers, or rendered a decision on an issue without benefit of a timely memorandum of law from one of the parties, as the referee's letter indicates, the interests of justice require that the Board have power to remand for full consideration of such relevant matters. To hold otherwise would be to impose a rigidity upon procedures in this area of law that would be blind to the fairness of the ultimate decision reached. As stated in *Cudo*, 517 Pa. at 559, 539 A.2d at 794–95, "[t]he law is well settled in this Commonwealth that rules of procedure are relaxed in workmen's compensation cases." To require a review of the record to be made by the Board without first permitting the referee to make a decision based upon a complete record would be incongruous indeed, and might lead to affirmance by the Board of decisions that, due to the lack of full consideration by the referee and the incompleteness of the record presented for review, erroneously appear sustainable.

As indicated in *Cudo*, supra, the Board has broad remand powers. See generally 77 P.S. § 852 (remand of questions of fact); 77 P.S. § 856 (remand for rehearing before a referee); 77 P.S. § 871 (remand for rehearing pending appeal); *Borovich v. Colt Industries*, 492 Pa. 372, 375–76, 424 A.2d 1237, 1239 (1981). In the present case, the purpose of the remand was not to have the referee reexamine the existing evidence, but rather to ensure that the referee would review a memorandum of law that might further the use of correct legal principles in rendering a decision. Remands for this purpose are within the Board's power. See

*Smith v. Workmen's Compensation Appeal Bd.,* 63 Pa. Commw.Ct. 340, 344, 437 A.2d 1301, 1302–03 (1981) (remand to have referee utilize the correct legal principle); *McGraw–Edison/Power Systems Div. v. Workmen's Compensation Appeal Bd.,* 62 Pa.Commw.Ct. 302, 305, 436 A.2d 706, 708 (1981). See also *Bound Brook Corp. v. Workmen's Compensation Appeal Bd.,* 47 Pa.Commw.Ct. 454, 408 A.2d 220 (1979) (remand would have been proper if claimant had been denied an opportunity to submit a brief to the referee).

Inasmuch as the Commonwealth Court determined that the Board's remand order was not proper, it reinstated the referee's original decision without addressing the merits of the referee's post-remand decision. Accordingly, having found that the Board's remand was in fact proper, we vacate the Commonwealth Court's order and remand for further disposition.[1]

Order vacated, and case remanded.

ZAPPALA, J., concurs in the result.

PAPADAKOS, J., files a dissenting opinion.

LARSEN, J., did not participate in the consideration or decision of this case.

1. On remand, issues to be addressed by the court below include that of whether, given that the Board's remand order was proper, the referee nevertheless exceeded the scope of remand or otherwise erred in altering his earlier findings as to the duration of Claimant's disability. See *McCloskey v. Workmen's Compensation Appeal Bd.,* 501 Pa. 93, 97 n. 2, 460 A.2d 237, 239 n. 2 (1983) (plurality opinion) (referee erred in altering findings of fact without taking new evidence and in not confining his revisions to the stated purpose of the Board's remand); *Glabern Corp. v. Workmen's Compensation Appeal Bd.,* 84 Pa. Commw.Ct. 381, 387, 479 A.2d 77, 80 (1984) ("A referee should restrict remand proceedings to the purpose indicated by the Board's order. . . ."). Also to be addressed is the issue of whether the workmen's compensation insurance policy issued by Rockwood was effectively cancelled, prior to Claimant's injury, when a finance company having a power of attorney from Delphi requested cancellation of the policy. The latter issue was expressly left unaddressed by the court below, due to its holding that the remand order, which led to the referee's finding that Rockwood was liable, was improper.

**PAPADAKOS, Justice, dissenting.**

The remand by the Board was based upon the failure of the referee to consider a memorandum of law. This was a defect that is intended to be cured by the consideration of all legal issues by the Board on appeal to them from the decision of the referee. The record was complete. Only the proper application of the law was left to consider. The Board abrogated their responsibilities by the remand and caused unwarranted delay to the parties. This was the real cause of injustice. The *Cudo* case stands for the proposition that a remand for a *rehearing* is proper to complete a record. Rehearings are for the purpose of receiving evidence—not legal arguments. The Board does not receive new and additional evidence in the appeal process but they must review all legal arguments posed by memoranda of law whether presented to the referee or directly to the Board. That is their statutory duty under 77 P.S. § 855. To remand to the referee to avoid that statutory duty was error, in my view. If the remand was for some other unknown purpose, the Board was obligated to explain their reasons for the remand. See, *Pennsylvania Social Services Local 668 v. Pennsylvania Labor Relations Board,* 481 Pa. 81, 392 A.2d 256 (1978). They did not do so.

I would affirm the decision of the Commonwealth Court.