562 A.2d 981

**CLELAND SIMPSON COMPANY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (DECKER AND MOOSIC BOROUGH), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 20, 1989.

Submitted on Briefs En Banc
June 13, 1989.

Decided Aug. 4, 1989.

David E. Heisler, Lenahan & Dempsey, P.C., Scranton, for petitioner.

J. Scott Brady, O'Malley, Harris & Schneider, P.C., Wilkes–Barre, for respondent, Moosic Borough.

James J. Powell, III, Powell & Powell, Wilkes–Barre, for respondent, Robert Decker.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, BARRY, COLINS, PALLADINO and McGINLEY, JJ.

PALLADINO, Judge.

Cleland Simpson Company (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee to grant benefits to the Executrix of the Estate of Robert Decker (Claimant).[1]

1. This case was reassigned to Judge Palladino on June 13, 1989.

A recitation of the facts is necessary to understand the claims of the parties and the present posture of this lengthy litigation. On September 19, 1978, Claimant filed two claim petitions with the Board which were consolidated. His first claim was against the Borough of Moosic for a work-related heart attack suffered September 22, 1976 and the second claim was against Employer for a work-related heart attack suffered on August 20, 1977.[2] The referee found that the heart attacks were two distinct injuries and awarded benefits to be paid by the Borough for the first injury from September 22, 1976 until January 11, 1977, the date Claimant returned to work for Employer. No further litigation followed the first award. The referee also awarded benefits for the second injury to be paid by the Employer for the period of August 20, 1977 until the date of Claimant's death on May 14, 1981. On appeal the Board affirmed the referee's second award and the Employer appealed to the Commonwealth Court.

By order of this court on November 12, 1985, the referee's order was vacated and the case was remanded to the Board for a factual determination of whether the Employer had knowledge or was given notice within 120 days of the work-related injury to Claimant. The order also required a specific finding with respect to whether Claimant was disabled by the second heart attack.[3]

On remand, the referee opened the record and took additional testimony from Sharon Rutkowski, daughter of the Claimant. The referee concluded that notice of the work-related injury had been provided to Employer as required by Section 311 of The Pennsylvania Workmen's Compensation Act[4] and again awarded benefits. The Board affirmed the decision and the Employer has again appealed to this court.

2. Claimant was an employee of Cleland Simpson at the time of the first heart attack; however, his petition was against the Borough of Moosic because of his claim that the heart attack was the result of his efforts at a fire in his capacity as a volunteer fireman.

3. *Cleland Simpson Company v. Workmen's Compensation Appeal Board (Moosic Borough)*, (No. 2606 C.D.1984, filed November 12, 1985).

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. 631.

The Employer argues to this court that (1) the referee on remand improperly opened the record and (2) that the referee erred when he admitted hearsay evidence into the record and relied upon it in making his finding of whether proper notice of the work-related injury had been provided by the Claimant. Finally, the Employer asserts that the Claimant did not produce sufficient evidence to establish his disability from August 20, 1977 until May 14, 1981. Because the posture of this claim is controlled by the third issue, we begin our discussion with it.

■ On appeal to the Board, the Employer contended that no specific finding of disability had been made. In our order of November 12, 1985, in which we remanded to the Board, we asked for "a specific finding with respect to whether Robert Decker was disabled." Since we are constrained by our order that requires this finding to be made, we must, with reluctance, remand once again. Our reading of the referee's order of January 13, 1987, which was affirmed by the Board in an order dated May 13, 1988 reveals, much to our displeasure, that this order is almost verbatim with the June 10, 1983 referee's decision which we held lacked a necessary finding as to whether Claimant was disabled. Neither the referee nor the Board made the specific finding ordered by the remand. Consequently, litigation that has extended from September 19, 1978 until today regrettably will continue.

While we must remand for a specific finding of whether Claimant was disabled, in the interest of judicial economy, we shall address and dispose of other issues raised on this appeal.

Employer argues that it was improper for the referee to open the record and take additional testimony on the notice issue. Counsel for Employer in his brief states that the court, in its remand order, did not specifically order that the record should be reopened, nor did the Board direct the referee to take additional testimony. At the remand hearing the referee heard only the testimony of one witness, the daughter of the deceased Claimant.

■ The narrow issue, presented by the facts of this case, appears to be one of first impression in this court; namely, may a referee receive testimony to make a necessary finding on remand, when the Commonwealth Court order and the Board order do not specifically state that additional testimony shall be heard? Our analysis of this question is conducted in accordance with the recent opinions of our supreme court in *Joseph L. Joseph, Jr. v. Workmen's Compensation Appeal Board (The Delphi Company)*, 522 Pa. 154, 560 A.2d 755 (1989) and *Cudo v. Hallstead Foundry, Inc.*, 517 Pa. 553, 539 A.2d 792 (1988).

In *Joseph*, the referee prematurely closed the record before receiving a memorandum of law of one of the parties. On appeal, the Board remanded to allow receipt of this document stating "We therefore Remand this case for further proceedings before the Referee." *Joseph*, 522 Pa. at 157, 560 A.2d at 756. In reviewing the referee's decision to allow further testimony, in addition to receiving the memorandum of law into the record, the supreme court concluded that the language of the Board's order of remand, "for further proceedings" encompassed the taking of additional testimony. Furthermore, the court made clear that to have the Board exercise review without allowing the referee to make a complete record could lead to Board affirmance of decisions that "due to the lack of full consideration by the referee, and the incompleteness of the record presented for review, erroneously appear sustainable." *Joseph*, 522 Pa. at 159, 560 A.2d at 757. The court's holding sets forth the proposition that even though specific language is not included in the Board order to remand, additional testimony may be properly taken in the interests of developing a full record.

In *Cudo*, 517 Pa. 553, 539 A.2d 792 (1988), the Board granted a rehearing to allow decedent's wife to present after discovered evidence that would have been available at the time of the first hearing through the exercise of due diligence. The rehearing resulted in the awarding of benefits and the Board affirmed. On appeal, the Commonwealth

Court held that the grant of a petition for a rehearing was an abuse of discretion by the Board and reinstated the order of the first hearing denying benefits. The supreme court reversed, holding that "the Board has *broad* power to grant a rehearing." 517 Pa. at 557, 539 A.2d at 794 (emphasis in original). The court concluded that the rules of procedure should be relaxed in workmen's compensation cases and the interests of justice are best served when a complete record is developed. The direction of the Pennsylvania Supreme Court is self-evident. Where a board remands without limiting language or grants a rehearing, the referee in appropriate cases may receive additional testimony to produce a complete record.

In the case at bar, this court's remand order of November 12, 1985, required that a "factual determination" be made as to whether the Employer had knowledge or was given notice of Claimant's work-related injury. The Board, in exercising its discretion, remanded to the referee but with no instructions as to the taking of additional testimony. The referee determined he needed to hear testimony to make the required finding on the notice issue. The referee, in performing his fact-finding function, is required to make findings of fact on all essential issues so that the Board and this court have an opportunity to exercise meaningful review. *Universal Trucking, Inc. v. Workmen's Compensation Appeal Board (Hassell),* 112 Pa.Commonwealth Ct. 428, 535 A.2d 722 (1988). We believe the decision to take additional testimony was proper.

Employer relies on *Glabern Corp. v. Workmen's Compensation Appeal Board (Moccia),* 84 Pa.Commonwealth Ct. 381, 479 A.2d 77 (1984) for its contention that no additional testimony should have been taken. In *Glabern* we held that when the Board remands to a referee for a limited purpose, the referee cannot accept additional testimony that exceeds the purpose of the remand. In the case at bar, the Board remanded for a factual determination on the issue of notice. In order to facilitate the fact finding process, the referee chose to allow the testimony of Sharon

Rutkowski, and may have used this testimony when making the required finding of fact with respect to notice or knowledge of the work-related injury. The testimony accepted by the referee was clearly within the scope of the remand. Therefore, in light of the supreme court discussions in *Joseph* and *Cudo*, we hold that the referee, in the absence of limiting language in the Commonwealth Court order or the Board order, did not err when he decided to reopen the record to take testimony for the purpose of making this necessary finding.

Employer further contends that the testimony of Sharon Rutkowski was hearsay and that the referee should not have allowed it or relied upon it in his finding that proper notice of the work-related injury had been given by Claimant. We do not agree. Sharon Rutkowski testified as follows:

Q Alright. Do you have any knowledge of your own with respect to any type of notice your father or mother would have given any representative of the Globe Store concerning any injuries in August of 1977?

ATTY. HEISLER: Objection! This is merely eliciting hearsay at this point in time.

THE REFEREE: If she knows of her own knowledge, I'll rule on it.

A My mother telephoned the foreman at the warehouse.

ATTY. HEISLER: Objection, objection, again reiterating hearsay.

THE REFEREE: Were you there when she made the telephone call?

A Yes, I was.

ATTY. HEISLER: Of course she would be there; that's how she heard the hearsay.

THE REFEREE: I'll allow it.

ATTY. POWELL:

Q And your mother's name was what?

A Jane.

Q Jane Decker?

70

A  Yes.

Q  And your mother is deceased, also?

A  Yes.

Q  And when did she die?

A  July 1, 1978.

Q  Now, when would your mother have made this phone call?

A  The following day after he completed his work.  He had to report off immediately.

THE REFEREE:  The following day after what?

A  After he completed his week of work, he reported off immediately.

ATTY. POWELL:

Q  Which would have been the week ending August 20, 1977?

A  Yes.

Q  And were you present when she made this call?

A  Yes.

Q  Do you know who she called?

A  Mr. Yarrish, he was the foreman at the warehouse.

Q  Now, what did your mother inform Mr. Yarrish?

A  That my father was in Intensive Care due to a heart attack caused by overworking and exertion.

ATTY. HEISLER:  Objection, ask it be stricken!

ATTY. POWELL:

Q  I want to know what your mother said, when you were sitting there and heard this conversation, what did your mother say?

A  Exactly what the doctor told her, due to overwork and exertion.

■  Our analysis begins with a breakdown of the elements of hearsay.[5]  Hearsay is 1) a statement made by an out-of-court declarant, 2) that is offered for the truth of the matter asserted.  In the instant case, Sharon Rutkowski is

5.  See *Commonwealth v. Cassidy,* 315 Pa.Superior Ct. 429, 462 A.2d 270 (1983); *Commonwealth v. Darden,* 311 Pa.Superior Ct. 170, 457 A.2d 549 (1983).

testifying from personal knowledge of what she heard and saw. Furthermore, her testimony is being offered as proof that the phone call to the employer occurred, not for the purpose of showing that the injury was work-related. Analysis of this testimony reveals that it is not hearsay at all, but is the personal recollection of one who was present when notice of a work-related injury was reported to the Employer. It is no different than the testimony of a person who has observed two parties agreeing on an oral contract and is called upon to testify as to what he or she observed.[6] Since she is present, the inherent evil of hearsay, that cross-examination can not be had, is not a problem. This testimony goes to the very narrow issue of notice to the Employer of the work-related injury. The referee can view the witness and make a determination what weight he will give her testimony.

After hearing the testimony, the referee made a finding of fact that the Employer had notice of a work-related injury on August 21, 1977. We conclude that the testimony was not hearsay and we will not disturb the referee's finding.

Accordingly, the decision of the Board is affirmed in part, but the case is remanded for a specific finding of whether the Claimant was disabled as a result of the heart attack of August 20, 1977.

## ORDER

AND NOW, August 4, 1989, the decision of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed in part, but the case is remanded to the Board with instructions that a specific finding shall be made as to whether the Claimant was disabled as a result of the heart attack of August 20, 1977. If the Board determines it is necessary, additional testimony may be received for the purpose of making this finding.

6. *See* McCormick, Evidence § 249 (3d ed. 1984).

Jurisdiction is retained. Because of the protracted history of this case, the Board is ordered to secure this finding and to recertify the record to this Court within 90 days of the filing date of this opinion.