**VISTA INTERNATIONAL HOTEL, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DANIELS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted July 19, 1996.

Decided Sept. 25, 1996.

**350**

James M. Poerio, for Petitioner.

David M. McCloskey, for Respondent.

Before DOYLE and LEADBETTER, JJ., and MIRARCHI, Jr., Senior Judge.

DOYLE, Judge.

Vista International Hotel (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a Workers' Compensation Judge (WCJ) granting benefits to Mary Daniels (Claimant).

Claimant worked in Employer's housekeeping department as a bathroom attendant. On February 21, 1989, during the course of her employment, Claimant sustained an injury to her head when a light fixture fell on her (first injury). Thereafter, she received $199.50 per week pursuant a notice of compensation payable.

On November 16, 1989, Employer filed a petition to terminate and/or suspend Claimant's benefits. On December 15, 1989, a notice of hearing was sent to Claimant at 879 Whiteside Road, Pittsburgh, Pennsylvania 15219, which scheduled a hearing before a WCJ for January 4, 1990. On December 29, 1989, Claimant returned to work with Employer in a light-duty part-time capacity. Although the December 15th notice was not returned by the post office as "not deliverable," Claimant failed to appear at the scheduled hearing. Employer stated at the January 4, 1990 hearing that Claimant no longer lived at the listed address and provided 3351 Milwaukee Street, Apartment 2, Pittsburgh, Pennsylvania 15219, as a current address. Accordingly, on January 11, 1990, a second notice of hearing was sent to Claimant at her current address scheduling a February 1, 1990 hearing. Again, although the notice was not returned to the post office as "not deliverable," Claimant failed to appear at the February 1, 1990 hearing. Accordingly, the WCJ entered an order, dated February 7, 1990, terminating Claimant's benefits.

Claimant appealed to the Board alleging that she misread the date of one of the hearings and did not receive notice of the other. In response to Claimant's appeal, the Board remanded the matter to the WCJ, directing that evidence be taken on the ter-

mination petition and that Claimant be permitted to present a defense.

During the pendency of the litigation on Employer's termination petition, on February 5, 1991, Claimant was again injured while working for Employer when she was struck on the head by a bucket and sustained injuries to her neck (second injury). On March 12, 1991, Claimant filed a claim petition alleging the second injury and a petition for penalties alleging that Employer had unilaterally ceased paying Claimant's medical bills for the first injury.

Employer then filed a petition to review the reasonableness and necessity of all medical bills incurred by Claimant after September 18, 1989, for her first injury.

On April 8, 1991, Employer's termination and review petitions were consolidated with Claimant's claim and penalty petitions and assigned to WCJ Linda Tobin. Following several hearings, by order dated September 16, 1994, the WCJ granted Claimant's claim petition, but denied her penalty petition as well as Employer's termination and review petitions. Employer then appealed to the Board which affirmed. Employer's appeal to this Court followed.

 On appeal, Employer first argues that the Board exceeded its statutory authority in vacating the WCJ's February 7, 1990 decision and remanding the case to allow Claimant to present a defense to Employer's termination petition.[1] Specifically, Employer argues that under Section 423 of the Act, 77 P.S. § 854,[2] a remand is only proper if the Board determines that the WCJ's findings of fact are unsupported by substantial evidence or had been procured by fraud, coercion, or improper conduct. We disagree.

Our Supreme Court specifically rejected Employer's argument in *Joseph v. Work-men's Compensation Appeal Board (Delphi Co.)*, 522 Pa. 154, 560 A.2d 755 (1989). A recital of the procedure in that case is instructive. In *Joseph*, R & K Corporation appealed a referee's (as WCJ's were then called) decision holding R & K liable for payment of the claimant's medical expenses, compensation and costs. The basis of R & K's appeal to the Board was that the referee had inadvertently and prematurely closed the record prior to the receipt of R & K's memorandum of law. In response to R & K's appeal, the Board issued an order remanding the case for further proceedings before the referee. On remand, the referee, after considering the memorandum of law as well as additional testimony, held, *inter alia*, that Delphi Company, the claimant's employer, and Rockwood Insurance Company, the workers' compensation insurance carrier, were responsible for payment of the claimant's compensation. Delphi and Rockwood appealed to the Board which affirmed. Thereafter, appeals were taken to this Court, whereupon we vacated the Board's affirmance and reinstated the referee's pre-remand decision. In vacating our order and remanding the matter to the Board, our Supreme Court reasoned:

> In holding that the remand was not proper, the Commonwealth Court reasoned that a remand of a referee decision is proper *only* when the referee has failed to resolve crucial issues raised by the parties or where the referee's findings of fact are not supported by the evidence.... *We do not agree that the Board's remand powers are so precisely limited.*
>
> . . . .
>
> Whether the referee failed to consider an issue entirely, as the Board's order infers, or rendered a decision on an issue without benefit of a timely memorandum of law from one of the parties, as the refer-

1. Our scope of review over the Board's decision is limited to determining whether or not it abused its discretion. *Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.)*, 142 Pa.Cmwlth. 83, 596 A.2d 1237 (1991).

2. Section 423 provides:
 In any such appeal the board may disregard the findings of fact of the referee if not supported by competent evidence and if it deem proper may hear other evidence, and may substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded by it may required.
 77 P.S. § 854.

ee's letter indicates, the interests of justice require that the Board have power to remand for full consideration of such relevant matters. *To hold otherwise would be to impose a rigidity upon procedures in this area of law that would be blind to the fairness of the ultimate decision reached....* To require a review of the record to be made by the Board without first permitting the referee to make a decision based upon a complete record would be incongruous indeed, and might lead to affirmance by the Board of decisions that, due to the lack of full consideration by the referee and the incompleteness of the record presented for review, erroneously appear sustainable.

*Id.* at 158–59, 560 A.2d at 756–57 (first emphasis in original).

We recognize that the remand in *Joseph* was to correct an error made by the referee, in contrast to the remand in the instant case which was necessitated by Claimant's own error in failing to appear to two scheduled hearings. However, because the Board has broad powers to grant a rehearing and because the rules of procedure are relaxed in workers' compensation cases, we hold that the Board did not abuse its discretion in ordering a remand.

■ Employer's second argument on appeal is that the WCJ erred in placing the burden on Employer to prove that Claimant's loss of earnings was due to Claimant's own willful misconduct and not her work-related injury.[3] Specifically, Employer argues that Claimant bears the burden under an Employer's petition for termination and/or suspension to establish that she lost her job through no fault of her own, *i.e.*, did not engage in willful misconduct.[4]

■ "The burden of proof that must be carried in workers' compensation cases depends upon the petition or petitions present-

ed for adjudication." *Southern Chester County Hospital v. Workmen's Compensation Appeal Board (Sinsheimer)*, 676 A.2d 315, 316 (Pa.Cmwlth.1996).

■ In the context of a termination petition, an employer must prove that a claimant's disability has ceased or that any remaining disability is no longer the result of a work-related injury. *Moltzen v. Workmen's Compensation Appeal Board (Rochester Manor)*, 166 Pa.Cmwlth.589, 646 A.2d 748 (1994). If the WCJ accepts evidence that the claimant still suffers from a significant residual impairment attributable to the work injury, however, even though the WCJ accepts expert testimony that the claimant may return to work without restrictions, the employer is not entitled to a termination. *Id.* Rather, in such a situation, the employer may only seek a suspension or modification of benefits. *Id.*

Here, Employer does not challenge the WCJ's finding that "[C]laimant suffered disabling work injuries on ... February 25, 1989 ... for which she has not fully recovered." (WCJ's Opinion at 6, Finding of Fact (F.F.) No. 13.) Accordingly, we must look to the burden shifting scheme appropriate to a **suspension** petition in order to resolve the issue presented in the instant case: What is an employer's burden under a petition for suspension where the claimant, who continues to suffer from a work-related injury but is capable of performing at least light-duty work, is terminated from employment for reasons other than the work-related injury?

■ It is now clear that "[a]n employer carries a heavy burden of proof where it seeks to terminate a claimant's benefits, and a claimant who has been separated from employment effectively enjoys a presumption that such separation occurred through no fault of his own, **even when the issue is suspension.**" *Hertz Penske Truck Leasing*

---

**3.** Employer does not challenge the WCJ's finding that Claimant's work-related injuries of February 21, 1989, and February 5, 1991, continue.

**4.** We note that the WCJ granted Claimant's claim petition and simultaneously denied Employer's termination petition. Hence, the WCJ' award comprises benefits for both the February 21,

1989 and February 3, 1991 injuries. On appeal to this Court, however, Employer only assigns error to the WCJ's decision regarding its termination/suspension petition and, therefore we will only address the issue of which party must prove willful misconduct under a *termination/suspension* petition.

*Company v. Workmen's Compensation Appeal Board (Bowers),* 168 Pa.Cmwlth.657, 651 A.2d 1145, 1148 (1994) (emphasis added), *petition for allowance of appeal granted,* 541 Pa. 645, 663 A.2d 696 (1995). For this reason, "in order to prevail [on a petition for suspension], Employer has an affirmative burden to prove either that Claimant's termination was voluntary, or that he was dismissed for good cause." *Id.*[5]

Accordingly, it is clear that to prevail on its termination/suspension petition Employer had to establish that Employer had good cause to terminate Claimant and, thus, Claimant's loss of earnings was due to her own willful misconduct. Accordingly, the WCJ did not err in so placing the burden on Employer.

Order affirmed.

### ORDER

NOW, September 25, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**5.** In *Hertz Penske,* the claimant sustained a work-related back injury, but continued to work after the injury. Thereafter, the claimant was confronted by his supervisors and given the option of either resigning or being fired on the spot for poor job performance. He chose resignation. Nearly a month after the claimant's separation from employment, the employer issued a notice of compensation payable for the work-related back injury. A month later, the employer filed a petition to terminate Claimant's benefits alleging that Claimant's work-related injury had ceased. The precise issue on appeal to this Court was whether the fact that the claimant was terminated as a result of poor job performance relieved the employer of the burden of demonstrating

work available to the claimant within his physical restrictions.

In *Hertz Penske,* we explained:
The relevant inquiry before us is not whether Claimant's separation from employment was due simply to his own inability, because his performance did not measure up to Employer's new standards, but rather, whether there was an element of fault on Claimant's part which removed him from the workforce. In other words, in order to prevail, Employer was required to **prove** either that Claimant's termination was voluntary, **or that he was dismissed by Employer for good cause.** (Citations omitted; footnote omitted; emphasis added.)
651 A.2d at 1148.