# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeanne Cocolin,              :
          Petitioner         :
                                :
         v.                      :
                                :
Joel Myers and Westside Village  :
(Workers' Compensation Appeal   :
Board),                      :    No. 1196 C.D. 2020
          Respondents      :    Submitted:  June 4, 2021

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE J. ANDREW CROMPTON, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED:  July 15, 2021

Jeanne Cocolin (Claimant) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) October 27, 2020 order (Order) reversing Workers' Compensation Judge (WCJ) Robert Vonada's (WCJ Vonada) decision on remand (WCJ Remand Decision) that granted Claimant's Petition to Reinstate WC Benefits (Reinstatement Petition).  Claimant raises two issues for this Court's review: (1) whether the Board erred by holding that Claimant did not meet her burden of proof and by failing to apply the legal presumption that Claimant's work-related injury continues in accordance with *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*); and (2) if the WCJ's Remand Decision was not supported by substantial evidence, whether this Court should remand to the WCJ for the taking of additional evidence.  After review, this Court affirms.

On May 5, 2010, Claimant sustained a work-related injury while in the employ of Joel N. Myers (Employer). On May 21, 2010, Employer issued a Notice of Compensation Payable, and began paying Claimant WC benefits. On July 3, 2012, Claimant underwent an Impairment Rating Evaluation (IRE), provided for in former Section 306(a.2) of the WC Act (Act),[1] under the Sixth Edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (*Guides*), and was found to have a 2% whole person impairment. On July 13, 2012, Employer issued a Notice of Change of WC Disability Status (Notice of Change), modifying Claimant's benefits from temporary total disability to temporary partial disability effective May 11, 2012.

On August 23, 2017, Claimant filed the Reinstatement Petition,[2] alleging that the Notice of Change should be set aside because the Pennsylvania Supreme Court ruled in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*),[3] that the Act's IRE provisions were unconstitutional *ab initio*. On February 22, 2018, WCJ Vonada modified Claimant's WC benefits from temporary partial disability to temporary total disability effective June 20, 2017, the date *Protz II* was issued. Employer appealed to the Board.

On June 6, 2018, this Court decided *Whitfield*. On February 28, 2019, the Board issued an opinion acknowledging that *Whitfield* was decided while Employer's

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Section 1 of the Act of October 24, 2018, P.L. 714, effective immediately. Section 306(a.2) of the Act provided that a claimant who reached maximum medical improvement and has an impairment due to the work injury of less than 50% under the most recent edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, shall receive partial disability benefits for 500 weeks. *See former* 77 P.S. § 511.2(2).

[2] On August 24, 2017, Claimant filed a second reinstatement petition that was almost identical to the Reinstatement Petition.

[3] In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 417 (Pa. Cmwlth. 2015), *aff'd in part, rev'd in part*, 161 A.3d 827 (Pa. 2017), this Court held that Section 306(a.2) of the Act was unconstitutional in part. On appeal, the Pennsylvania Supreme Court in *Protz II* ruled that Section 306(a.2) of the Act was unconstitutional in its entirety.

appeal was pending before the Board, and remanded the case to the WCJ for Claimant to satisfy her burden under *Whitfield* (February 2019 Remand Opinion).

The Board explained in its February 2019 Remand Opinion:

> The *Whitfield* Court . . . held . . . that in order to be entitled to reinstatement of total disability benefits when the change in status was based upon a now-unconstitutional IRE, **a claimant must demonstrate that he or she continues to be disabled from the work injury**. A claimant can satisfy that burden through his or her own testimony without the need for medical evidence. The burden then shifts to the employer to prove the contrary. If no credible rebuttal evidence to the contrary is set forth, and the WCJ credits the claimant's testimony, reinstatement is warranted as of the date the claimant's petition was filed. If the claimant is not successful in demonstrating continued disability, *Whitfield* presumes the claimant remains on partial disability status.
>
> . . . .
>
> We are cognizant of the unique circumstances presented here, where there has been both a recent change in the case law explaining the process and burden of proof for reinstating total disability benefit status in the wake of *Protz* [*II*], followed closely in time by a new statutory enactment reestablishing an IRE provision. These changes lead to facts and issues that were not raised by the parties and were not addressed by the WCJ. **Given these recent developments, in the interest of fairness to all parties and because the Board cannot make findings of fact, we conclude that the best course of action is to remand to the WCJ to re-open the record and permit the parties to seek appropriate remedies in accordance with the current state of the law**. The parties can present evidence and advance arguments in support thereof within the discretion of the WCJ. The WCJ shall then issue all necessary findings of fact and conclusions of law.

February 2019 Remand Op. at 2-4, Reproduced Record (R.R.) at 42a-44a (emphasis added; citations and footnote omitted).

3

On July 3, 2019, WCJ Vonada held a remand hearing at which Claimant testified that she was receiving medical benefits under the Act when she originally filed her Reinstatement Petition on August 23, 2017. She did not expressly state that her work-related injury continued or describe her purportedly impaired physical condition. On November 26, 2019, WCJ Vonada granted the Reinstatement Petition, concluding that "Claimant has met her burden under *Whitfield* . . . to establish that she was receiving temporary total disability benefits when she was seeking reinstatement in this case." WCJ Remand Decision at 4, R.R. at 52a. Accordingly, WCJ Vonada reinstated Claimant's total disability benefits effective June 20, 2017.[4] Employer appealed to the Board.

On October 27, 2020, the Board reversed the WCJ Remand Decision, explaining:

> The holding of *Whitfield* is clear. It allows for an opportunity for testimony as to disability from a claimant seeking relief post-*Protz* [*II*]. Citing the fact that medical testimony is not required, *Whitfield* states that the claimant's testimony must establish that she continues to be disabled and must be credited. Here, Claimant indicated only that she was receiving benefits at the time she filed her Reinstatement Petition. It does not speak to continuing symptoms, limitations, restrictions or disability. . . . [D]espite the WCJ's acceptance of it, it is not sufficient to meet the *Whitfield* burden of proof.

Order at 5, R.R. at 69a. Claimant appealed to this Court.[5]

Claimant contends that the Board erred by holding that she did not meet her burden of proof, and by failing to apply the legal presumption that Claimant's work-

---

[4] WCJ Vonada also dismissed Claimant's second reinstatement petition as moot.

[5] "[This Court's] review determines whether there has been a violation of constitutional rights, whether errors of law have been committed, whether board procedures were violated, or whether necessary findings of fact are supported by substantial evidence." *Bryn Mawr Landscaping Co. v. Workers' Comp. Appeal Bd. (Cruz-Tenorio)*, 219 A.3d 1244, 1252 n.5 (Pa. Cmwlth. 2019).

4

related injury continues in accordance with *Whitfield*. Specifically, Claimant argues that the Board erred when it denied Claimant's Reinstatement Petition on the basis that Claimant did not prove that she continued to be disabled, because "[the *Whitfield*] Court did not . . . hold that a [c]laimant **must prove** that she is 'totally disabled' or even 'disabled' at all. Rather, she needed only to demonstrate that her 'work-related injury continues.'" Claimant Br. at 15. According to Claimant, she "enjoys a 'presumption' that some work-related medical injury persists [and] . . . [h]er testimony that she continues to receive medical and indemnity benefits [is] sufficient to afford her the presumption of an ongoing medical injury." Claimant Br. at 18.

The *Whitfield* Court concluded, "in order to be entitled to reinstatement, a claimant **must testify that her work-related injury continues**, and the WCJ must credit that testimony over any evidence that an employer presents to the contrary." *Id.* at 617 (emphasis added). Accordingly, a claimant seeking reinstatement of total disability benefits based upon an unconstitutional IRE must demonstrate that his or her work-related injury continues, and may satisfy that burden by way of his or her own testimony to that effect.

Here, Claimant did **not** testify that her work-related injury or disability continued at the time she filed her Reinstatement Petition. Rather, Claimant merely testified that her WC benefits continued at the time she filed her Reinstatement Petition. A claimant's ongoing receipt of WC benefits does not necessarily evidence a continuing disability due to a work-related injury, since a claimant will generally continue to receive WC benefits regardless of whether the work-related injury continues, unless and until the employer files a suspension or termination petition. There is no record evidence in the instant matter that Claimant's work-related injury or disability continued at the time she filed the Reinstatement Petition, only that she

5

continued to receive WC benefits.[6]  Accordingly, the Board properly found that Claimant did not meet her burden under *Whitfield*.

Claimant next argues that, if this Court concludes that Claimant failed to meet her burden, the Court should remand the matter to the WCJ to take additional evidence "[g]iven the confusion that has arisen about the contours of Claimant's burden[.]" Claimant Br. at 21.  Specifically, Claimant contends:

> [T]he Board enjoys the ability to remand a case to permit a claimant to present additional medical evidence even though that evidence would have been available to him through the exercise of due diligence.  *Cudo v. Hallstead Foundry, Inc.*, . . . 539 A.2d 792 ([Pa.] 1988).  In order to effectuate the humanitarian purposes of the Act, a rehearing may be ordered "when the interests of justice require" it.  *Joseph v. Workmen's Comp. Appeal Bd. (Delphi Co.)*, . . . 560 A.2d 755, 757 ([Pa.] 1989).

Claimant Br. at 21.[7]

In its February 2019 Remand Opinion, the Board referenced changes in the law per the *Protz II* and *Whitfield* decisions, and remanded the matter to the WCJ so the parties could present evidence and advance arguments in support of their legal

---

[6] Notably, this Court, in cases applying *Whitfield*, characterized the continuing *work-related injury* referenced in *Whitfield* as continuing *disability*.  *See White v. Workers' Comp. Appeal Bd. (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020); *see also Rose Corp. v. Workers' Comp. Appeal Bd. (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020).  Nonetheless, Claimant's evidence does not demonstrate a continuing work-related injury **or** a continuing disability.

[7] Claimant reasons that a remand is permissible under Section 419 of the Act, added by Section 6 of the Act of June 26, 1919, P.L. 642, which provides:

> The [B]oard may remand any case involving any question of fact arising under any appeal to a [WCJ] to hear evidence and report to the [B]oard the testimony taken before him or such testimony and findings of fact thereon as the [B]oard may order.  The [D]epartment [of Labor and Industry] may refer any question of fact arising out of any petition assigned to a [WCJ], to any other [WCJ] to hear evidence, and report the testimony so taken thereon to the original [WCJ].

77 P.S. § 852.

obligations under the current state of the law. The *Whitfield* requirements are clear and not burdensome. "[I]n order to be entitled to reinstatement, a **claimant must testify that her work-related injury continues**, and the WCJ must credit that testimony over any evidence that an employer presents to the contrary." *Id*. at 617 (emphasis added). Moreover, in its February 2019 Remand Opinion, the Board declared that Claimant could satisfy her burden through her own testimony without the need for medical evidence. Claimant nevertheless failed to present such evidence at the remand hearing conducted for that very purpose.

Claimant's reliance on *Cudo* is misplaced. Here, unlike in *Cudo*, the record evidence is not lacking because the relevant evidence was undiscovered by Claimant. Rather, Claimant's evidence is insufficient because Claimant failed to adhere to the specific *Whitfield* requirements. Thus, *Cudo* is inapposite. Further, the *interests of justice* do not require that Claimant be afforded yet another opportunity to present what she was clearly required to show in the first remand hearing. Accordingly, this Court declines to remand the matter to the WCJ for a *second* hearing so that Claimant can again attempt to meet her burden under *Whitfield*.

For all of the above reasons, the Board's Order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeanne Cocolin,                                    :
        Petitioner              :
                               :
        v.                                        :
                               :
Joel Myers and Westside Village            :
(Workers' Compensation Appeal         :
Board),                                                 :     No. 1196 C.D. 2020
        Respondents             :

## O R D E R

AND NOW, this 15th day of July, 2021, the Workers' Compensation Appeal Board's October 27, 2020 Order is affirmed.


_____
ANNE E. COVEY, Judge